**Bobbie ROBERTS, Individually and as Administrator of the Estate of Muriel Joe Roberts, Deceased, et al., Relators,**

v.

**Honorable Erwin G. ERNST, District Judge, Respondent.**

**No. 01–83–00842–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 15, 1984.

Rehearing Denied April 12, 1984.

Ernest H. Cannon, W. James Kronzer, Houston, for appellant.

Robert G. Taylor, Taylor, Hayes, Price, McConn & Pickering, Richard Lee Josephson, Baker & Botts, Houston, Elizabeth Todd, Asst. Atty. Gen., Austin, Otway B. Denny, Jr., Fulbright & Jaworski, Houston, William Drew Perkins, Lufkin, Danny Van Winkle, Vinson & Elkins, Houston, for appellee.

Before JACK SMITH, DUGGAN and BULLOCK, JJ.

## OPINION

JACK SMITH, Justice.

The relators seek a writ of mandamus to compel the respondent, the Honorable Erwin G. Ernst, District Judge of the 12th District Court of Walker and Madison Counties, to set aside his order vacating a prior order, signed by a visiting judge, granting a change in venue from Walker County to Madison County.

This court granted leave to file pursuant to the expanded jurisdiction of the Courts of Appeals with respect to the issuance of writs of mandamus. Tex.Rev.Civ.Stat. Ann. art. 1824 (Vernon Suppl.1982–1983).

The relators herein were plaintiffs in cause No. 13,555, filed in the 12th District Court of Walker County. The real parties in interest in this proceeding, the defendants in the original cause of action, are: Igloo Products Corp., Parker-Hannifan Corporation, Sexton and Company, Chrysler Corporation, and Gould, Inc., including several Gould divisions or subsidiaries.

When the original proceeding was set for trial, Judge Max M. Rogers, Presiding Judge of the Second Administrative District, assigned Judge Charles A. Dickerson, Judge of the 240th District Court, Fort Bend County, to the District Court of Walker County to try the case. At the same time, he assigned Judge Kenneth H. Keeling, of Walker County, to Judge Dickerson's Court in Fort Bend County.

Judge Dickerson's assignment stated as follows:

This assignment is for the period of one week beginning the 28th day of November, 1982, provided that this assignment shall continue after the specific period of time as may be necessary for the assigned judge to complete trial of any case or cases begun during this period, and to pass on all motions for new trial and all of the matters growing out of cases tried by the judge herein and assigned during this period.

Pursuant to his assignment, Judge Dickerson conducted the trial, and on February 16, 1983, entered judgment for the plaintiffs' in the sum of $250,000. On that same date, after considering the plaintiffs' motion for new trial contending that the damages awarded to the plaintiffs were inadequate and manifestly unjust, Judge Dickerson granted the plaintiffs' motion for new trial.

On January 1, 1983, Jerry Sandel had succeeded Kenneth Keeling as Judge of the 278th District Court. Pursuant to the local rules of Walker County, Judge Ernst, Judge of the 12th District Court, and Judge Sandel agreed that for the first six months of 1983, Judge Ernst would hear only criminal trials and Judge Sandel would hear only civil trials. They also agreed that either judge could hear pre-trial matters.

In March of 1983, when it came to Judge Sandel's attention that cause No. 13,555, was again set for trial, he disqualified himself because he had represented the minor Plaintiffs, as guardian ad litem, in the original trial before Judge Dickerson. Upon being apprised of these facts, Judge Max Rogers wrote a letter to Judge Sandel informing him that Judge Ernst would try the case unless he also disqualified himself. Judge Sandel then informed Judge Rogers that Judge Ernst was committed to hearing criminal cases only and, because of prior docket settings, would not be available to hear the re-trial.

On April 15, 1983, Judge Ernst requested Judge Rogers to assign another Judge to his court to hear further pretrial motions which had been filed in the case. On the following day, Judge Rogers assigned Judge David Walker of the 159th District Court to the 12th District Court of Walker County with the following instructions:

This assignment is for the period of one day beginning the 18th day of April, 1983, provided that this assignment shall continue after the specified period of time as may be necessary for the assigned judge to complete trial of any case or cases begun during this period, and to pass on all motions for new trial and all other matters growing out of cases tried by the judge herein, assigned during this period.

Conditions of assignment (if any): This assignment is made at the request of the regular judge of the 12th District Court of Walker County, Texas, and for the purpose of having certain motions heard by the assigned judge herein, which are pending in clause No. 13,555, filed Bobbie Roberts, et al, v. Igloo Products Corporation, et al.

On April 18, 1983, Judge Walker, pursuant to his assignment, proceeded to hear the motions in the 12th District Court. Judge Walker granted the defendants' motions for a continuance at 11:50 a.m. that day. The appellees allege that Judge Dickerson was present and sat in the back of the court room during this proceeding.

At 1 p.m. that day, Judge Dickerson assumed the bench of the 12th District Court and vacated Judge Walker's order of continuance. He then announced that he would hear evidence on the plaintiffs' motion for a change in venue.

At this time the defendants' (the real parties in interest in this proceeding) advised the court, in essence, that because Judge Rogers had appointed Judge Walker to hear the motions, and Judge Walker had granted the defendants' motion for a continuance, the defendants were of the opinion that the court did not have authority to pursue any hearings on venue questions. They also stated that they felt they had a legal obligation under Judge Walker's order, and objected to Judge Dickerson undertaking to preside and to hear matters relating to the change of venue, unless he was appointed by Judge Ernst or by Judge Rogers to hear the motion. They further stated that any acts which would come out of such a hearing would be void and prohibited by the statute because of the nature of the appointment of Judge Walker in the case. After asking the court's permission to be excused, the defendants departed.

Judge Dickerson then proceeded to hear the evidence presented by the plaintiffs on their motion to change venue. At the conclusion of this evidence, Judge Dickerson granted the plaintiffs' motion and ordered the case transferred to Madison County.

The following day, April 19, 1983, the district clerk of Walker County caused the transcript to be transferred to Madison County. Because of remarks that she heard in a seminar, the district clerk retrieved the transcript from Madison County April 22, 1983, prior to the time a file mark was made on the files. She stated that the reason these files were not picked up sooner was that April 21, 1983, was a state holiday.

On May 10, 1983, the defendants filed a motion to vacate or to stay Judge Dickerson's order granting the change of venue, and on May 17, 1983, filed an additional motion for a new trial on the plaintiffs' application for change of venue.

The plaintiffs then moved to dismiss the defendants' motion for a new trial on their application for a change in venue. This motion was denied by Judge Ernst, who set a hearing for June 17, 1983, to consider the defendants' motion for a new trial on the plaintiffs' application for a change of venue.

On June 17, 1983, after hearing evidence, Judge Ernst vacated Judge Dickerson's orders, and denied the plaintiffs' application for change of venue.

On August 11, 1983, Judge Ernst denied the plaintiffs' motion to dismiss the defendants' motion to vacate or stay the order granting the change of venue.

The relators assert three basic contentions in this proceeding: (1) that when the file and the original proceeding was transferred from Walker County to Madison County, Rule 261 Texas Rules of Civil Procedure was fully satisfied, the case was transferred, and Judge Ernst lost his plenary power to set aside Judge Dickerson's order; (2) that Judge Ernst had lost plenary power to set aside Judge Dickerson's order because the hearing to set aside the order was conducted after the expiration of 30 days; (3) that Judge Ernst's order was invalid because plenary power may only be exercised as to those formally filing opposition to the motion to change venue or formally seeking a reconsideration of the order.

Each of the relators contentions assume that Judge Dickerson's orders setting aside Judge Walker's order and entering an order changing the venue of the case to Madison County were valid orders. The respondent contends that Judge Dickerson's orders were invalid and were of no force. Because we consider the respondent's contention to be dispositive of this proceeding, we consider that contention first.

■ The relators initially contend that art. 5, § 11, of the Texas Constitution provides that District Judges may exchange districts, or hold court for each other when they may deem it expedient. They urge that the initial exchange of benches between Judge Dickerson and Judge Keeling was done pursuant to this provision of the Constitution. We cannot agree with this contention. The record reflects that Judge Rogers, pursuant to his authority under art. 200a, Tex.Rev.Civ.Stat.Ann., assigned Judge Dickerson to the 12th Judicial District Court, Walker County. There is nothing in the record to indicate that Judge Dickerson and Judge Keeling agreed to change benches pursuant to art. 5, § 11 of the Texas Constitution; further, there is nothing in the record to indicate that Judge Sandel or Judge Ernst agreed to exchange benches with Judge Dickerson.

The relators next contend that Judge Rogers' assignment of Judge Dickerson to the 12th District Court authorized Judge Dickerson to hear the motion for change in venue, and that, if his jurisdiction was not exclusive, Judge Dickerson had concurrent jurisdiction with Judge Walker and was authorized to vacate Judge Walker's order of continuance and to hear the plaintiffs' motion for change in venue.

Judge Rogers' original assignment of Judge Dickerson was for a period of one week, provided that the assignment would continue after that period as was necessary for Judge Dickerson to complete trial in any cases begun during that week. It also authorized Judge Dickerson to pass on all motions for new trial and all matters growing out of cases tried.

The confusion in the extent of Judge Dickerson's authority arises out of the phrase in his assignment which states, "And to pass on all motions for new trial and all of the matters growing out of cases tried by the judge herein and assigned during this period". Judge Dickerson apparently was of the opinion that even though he granted a new trial, his assignment continued until the case was tried again and final judgment was entered. Judge Sandel, Judge Ernst and Judge Rogers were apparently of the opinion that Judge Dickerson's assignment terminated when he granted a new trial.

We construe Judge Rogers' assignment to require Judge Dickerson to proceed to trial on all cases that were set on his docket and to rule on all issues that arose during the course of a trial. When Judge Dickerson granted a new trial in the original proceeding, he completed his rulings on all issues that were before him. The issue of change of venue arose subsequent to the trial and was never an issue in the trial. Although the issue of change of venue arose as a result of the trial, it was not an issue in the trial.

■ We hold that when Judge Dickerson granted the new trial he had completed his assignment and his authority ceased. We also hold that Judge Rogers' assignment of Judge Walker to the case superceded his assignment to Judge Dickerson and terminated Judge Dickerson's authority.

Accordingly, we hold that Judge Dickerson was without authority to set aside Judge Walker's order of continuance, and was without authority to grant a change of venue from Walker County to Madison County. We further hold that Judge Ernst did not abuse his discretion in setting aside Judge Dickerson's void orders.

Relators' petition for mandamus is denied.

Publish. TEX.R.CIV.P. 452