Cynthia O'CONNOR, Relator,

v.

**The Honorable Patricia R. LYKOS, Assigned Judge of the 309th District Court, Harris County, Texas, Respondent.**

No. 01–97–00752–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 8, 1997.

Betty Barrett Homminga, Houston, for Relator.

Before MIRABAL, WILSON and HEDGES, JJ.

## OPINION

HEDGES, Justice.

The issue in this mandamus proceeding is the authority of an assigned judge to preside over proceedings after she has signed an order granting a new trial. We hold that the assigned judge's authority ended when she signed the order granting a new trial, and we conditionally grant the requested mandamus relief.

### Facts

Relator Cynthia O'Connor and real party in interest Sean Kevin O'Connor were divorced in April 1990. Cynthia was named the primary joint managing conservator of the two minor children, and Sean was named a joint managing conservator. *In re O'Connor*, No. 89–36814 (309th Dist. Ct., Harris County, Tex.). Sean filed a motion to modify, seeking a change of conservatorship for both children. The matter was set for trial for March 24, 1997.

Respondent, the Honorable Patricia R. Lykos, was sitting by assignment as the judge of the 309th District Court of Harris County for the week of March 24, 1997, in place of the Honorable John Montgomery, the presiding judge of the 309th District Court.[1] Sean appeared for trial on March 24, but Cynthia did not appear. Judge Lykos granted Sean a default judgment. Cynthia filed a motion to set aside the default judgment and a motion for new trial, which Judge Lykos denied on April 25. Cynthia filed amended motions and requested a hearing before Judge Montgomery. On May 13, Judge Montgomery referred the amended motions to Judge Lykos pursuant to the February 5, 1997 assignment order. On May 16, Judge Lykos (1) heard the amended motions, (2) orally granted the motion for new trial, (3) announced her intention to enter temporary orders identical to the terms in the default judgment, (4) orally assessed sanctions, and (5) set the case for trial on June 24 at 10:00 a.m. On June 2, Judge Lykos signed an order memorializing her May 16 rulings in the presence of the attorneys for Cynthia and Sean.

On June 2, the presiding judge of the administrative region again assigned Judge Lykos to the 309th District Court.[2] At 9:59

1. The first assignment order is as follows:

THE STATE OF TEXAS
SECOND ADMINISTRATIVE JUDICIAL REGION
ORDER OF ASSIGNMENT BY PRESIDING JUDGE

Pursuant to Section 74.056, Tex. Gov't.Code, I hereby assign the Honorable <u>Patricia R. Lykos</u> Judge of the_____ District Court Senior Judge of the_____ District Court Former Judge of the <u>180th</u> District Court To the <u>309th</u> DISTRICT COURT of <u>Harris</u> County, Texas To the_____ Administrative Judicial Region of Texas, for reassignment by the Presiding Judge thereof.

This assignment is for the period of <u>1</u> weeks, or_____ days, beginning the <u>24th</u> day of <u>March</u>, 1997, provided that this assignment shall continue after the specified period as may be necessary for the assigned Judge to complete trial of any case begun during the period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

CONDITIONS OF ASSIGNMENT:

The District Clerk is directed to post a copy of this assignment on the notice board so attorneys and parties may be advised of this assignment, in accordance with law.

ORDERED this <u>5th</u> day of <u>February</u>, 1997.

/s/ Olen Underwood

Presiding Judge, Second Administrative Judicial Region of Texas

2. The second assignment order is as follows:

THE STATE OF TEXAS
SECOND ADMINISTRATIVE JUDICIAL REGION
ORDER OF ASSIGNMENT BY PRESIDING JUDGE

Pursuant to Section 74.056, Tex. Gov't.Code, I hereby assign the Honorable <u>Patricia R. Lykos</u> Judge of the_____ District Court Senior Judge of the_____ District Court Former Judge of the <u>180th</u> District Court To the <u>309th</u> DISTRICT COURT of <u>Harris</u> County, Texas To the_____ Administrative Judicial Region of Texas, for reassignment by the Presiding Judge thereof.

This assignment is for the period of <u>1</u> weeks, or_____ days, beginning the <u>23rd</u> day of <u>June</u>, 1997, provided that this assignment shall continue after the specified period as may be necessary for the assigned Judge to complete trial of any case begun during the period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

CONDITIONS OF ASSIGNMENT:

The District Clerk is directed to post a copy of this assignment on the notice board so attorneys and parties may be advised of this assignment, in accordance with law.

a.m. · on June 24, Cynthia filed a written objection to Judge Lykos sitting as an assigned judge. Judge Lykos overruled the objection, tried the case, and appointed Sean as sole managing conservator and Cynthia as possessory conservator. Cynthia filed a motion for leave to file a petition for writ of mandamus on July 15, asking this Court to declare void all orders rendered by Judge Lykos after she signed the order granting a new trial. We granted Cynthia's motion for leave to file. *See* TEX.R.APP. P. 121(c).

## Discussion

 When a party files a timely written objection to an assigned judge under section 74.053 of the Government Code, the assigned judge's disqualification is mandatory. TEX. GOV'T CODE ANN. § 74.053 (Vernon ·Supp. 1997); *Flores v. Banner*, 932 S.W.2d 500, 501 (Tex.1996). If the assigned judge overrules a timely section 74.053 objection, that judge's subsequent orders are void and the objecting party is entitled to mandamus relief. *Flores*, 932 S.W.2d at 501. An objection is timely if it is filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside. TEX. GOV'T CODE ANN. § 74.053(c) (Vernon Supp.1997). Because Cynthia filed her written objection before the June 24 trial, the objection was effective unless (1) Judge Lykos was validly proceeding under the first assignment or (2) Cynthia waived her objection.

When an assigned judge has an assignment order similar to those in this case, the signing of an order granting a new trial ends the assigned judge's authority.[3] *Roberts v. Ernst*, 668 S.W.2d 843, 846 (Tex.App.—Houston [1st Dist.] 1984, orig. proceeding); *see* TEX.R. CIV. P. 329b(c). Here, Judge Lykos was first assigned to the 309th District Court for the week of March 24, 1997, "provided that this assignment shall continue after the specified period as may be necessary for the assigned Judge to complete trial of any case begun during the period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period." Because Judge Lykos tried the case during the week she was assigned, she had continuing authority over the case under the terms of the assignment order. That authority terminated, however, on June 2 under the assignment order's express terms when she signed an order granting a new trial.[4] *See Roberts*, 668 S.W.2d at 846. At that point, any authority Judge Lykos had to conduct the June 24 trial would have had to be based on the second assignment order, to which Cynthia filed a timely objection.

 In overruling Cynthia's objection, Judge Lykos noted in the docket sheet that Cynthia had waived her objection because (1) she was informed on May 16 that Judge Lykos would be sitting on June 24 and (2) the objection was unverified. Section 74.053(c) provides that an objection is timely if it is filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.· TEX. GOV'T CODE ANN. § 74.053(c) (Vernon Supp.1997). There is no statutory requirement that a

ORDERED this 2nd day of June, 1997.
/s/ Olen Underwood
Presiding Judge, Second Administrative Judicial Region of Texas

3. We note that our analysis is based on an interpretation of the language of the assignment order itself, not on some underlying statute or principle of common law.
The dissent points out that in *Remington Arms Co. v. Caldwell*, the supreme court allowed the trial judge to act further after granting a mistrial. 850 S.W.2d 167, 170 n. 5 (Tex.1993). The assignment order in both this case and *Remington Arms*, however, specifically refers to the trial judge granting *new trials*, not *mistrials*. The standard assignment-order language in both this case and in *Remington Arms* allowed the trial

judge to "complete trial of any case begun during the period." If the trial judge grants a mistrial, the trial is not yet completed. A new trial, however, can only be granted after a trial has been completed, *i.e.*, a judgment has been rendered. Accordingly, we see no conflict between this case and *Remington Arms*.

4. Under the terms of the assignment order, Judge Lykos had the continuing authority (1) to complete the trial of any case begun during the assignment period and (2) to pass on motions for new trial and all other matters growing out of that trial. Once the motion for new trial was signed, the case was no longer "tried" and there were, therefore, no other matters growing out of that trial to be considered.

party object earlier if the party is aware that an assigned judge will be sitting, and we decline to judicially engraft such a requirement.[5] There is also no statutory requirement that an objection to an assigned judge be verified. Verification is unnecessary because, unlike a motion to recuse or disqualify a judge under Texas Rule of Civil Procedure 18a, a party need not assert any facts in an objection to an assigned judge.[6]

### Conclusion

We hold (1) that Judge Lykos' first assignment ended when she signed the June 2 order granting a new trial and (2) that Cynthia timely objected to Judge Lykos' second assignment. Accordingly, any orders Judge Lykos entered after she signed the order granting a new trial, including the June 2 temporary orders, are void and Cynthia is entitled to mandamus relief. We conditionally grant the requested mandamus relief and order Judge Lykos to set aside the void orders. The writ will issue only if Judge Lykos does not comply.

MIRABAL, J., concurs in part and dissents in part.

MIRABAL, Justice, dissenting and concurring.

I dissent, in part.

My disagreement with my colleagues centers on the June 2, 1997 order titled "Order on Motion to Set Aside Default Judgment and for New Trial." The majority acknowledges that Judge Lykos had jurisdiction to sign that order, yet the majority has "stayed" the order in part, apparently holding Judge Lykos had no jurisdiction to sign the *whole* order.

---

5. Sean claims the June 2 meeting with Judge Lykos constituted a hearing in connection with the second assignment. We reject this argument because the second assignment order specifically states that the assignment is for one week beginning June 23, 1997. Judge Lykos' authority under the second assignment could, therefore, begin no earlier than June 23.

6. We are aware that the San Antonio Court of Appeals suggested in dicta that an objection to an assigned judge must be verified, basing its reasoning on an analogy to Texas Rule of Civil Procedure 18a. *Hawkins v. Estate of Volkmann,*

I agree we should grant mandamus relief and order the judgment in the second trial set aside, because relator timely objected to the second assignment. However, as to the June 2, 1997 order, this case is controlled by supreme court precedent in *Remington Arms Co. v. Caldwell,* 850 S.W.2d 167 (Tex. 1993). Under the first assignment, Judge Lykos had authority to "pass on motions for new trial and all other matters growing out of" the first trial, the exact same authority granted to the visiting judge in *Remington Arms. Id.* at 170. Therefore, Judge Lykos had the authority to assess sanctions and issue discovery orders and temporary orders, pending retrial in the case. I would hold the June 2, 1997 order is valid, *in toto,* and not only in part.

The following chronology of events in the 309th District Court is helpful to an understanding of this case:

April 1990: Parties divorced.

Fall 1996: Father filed a motion to modify, seeking a change of conservatorship for both children.[1]

11/13/96: Dr. Anderson appointed to conduct evaluation of both parents.

1/28/97: Case set for March 24 trial, by order signed by attorneys for both parties.

2/5/97: Order signed assigning Judge Lykos to the 309th District Court for the week of March 24.

3/24/97: Father and attorney appear for trial; mother and attorney do not appear; evidence is heard and recorded by court reporter;[2] default judgment is granted in favor of father.

4/15/97: Default judgment is signed.[3]

---

898 S.W.2d 334, 343 (Tex.App.—San Antonio 1994, writ denied). We do not agree that Rule 18a applies to an objection to an assigned judge.

1. Our record does not contain the motion to modify.

2. No statement of facts from the March 24, 1997 trial has been filed in this case.

3. Our record does not contain a copy of the default judgment.

4/21/97, 4/24/97,

and 5/15/97: First, amended, and supplemental motions to set aside default judgment filed by mother.

5/16/97: Hearing on motions to set aside default judgment conducted before Judge Lykos.[4] Judge Lykos orally (1) grants motion for new trial; (2) renders temporary orders pending new trial; (3) assesses sanctions; and (4) sets case for trial on June 24, 1997.

6/2/97: Judge Lykos signs the "Order on Motion to Set Aside Default Judgment and for New Trial," which was "approved as to form" by both attorneys.

No other orders were entered by Judge Lykos until the second trial on June 24, 1997.

The following relief was granted in the June 2, 1997 "Order on Motion to Set Aside Default Judgment and for New Trial," which memorialized the relief granted at the May 16 hearing. The order:

1. granted the motion for new trial and issued temporary orders, "after having considered the pleadings, hearing the testimony and argument of counsel." The temporary orders:

 a. appointed the father temporary managing conservator and the mother temporary possessory conservator;

 b. set out the rights and duties of both parents with regard to the two children, including visitation rights and support duties; and

 c. enjoined both parties from making disparaging remarks about the other party to the children;

2. ordered the mother to deliver all interrogatories and production of documents to the husband's attorney;

3. ordered the mother to pay $400 in attorneys' fees as sanctions; and

4. set the case for trial on June 24.[5]

In *Remington Arms*, there was a jury trial before a visiting judge, and the jury returned a verdict for the defendant. 850 S.W.2d at 169. The defendant filed a motion for judgment on the verdict, and a hearing was held before the visiting judge. *Id.* After the hearing, the judge declared a mistrial, struck the defendant's pleadings, rendered a partial default judgment against the defendant, prohibited the defendant from conducting further discovery, and ordered that upon retrial the defendant could not introduce certain evidence. *Id.* The defendant sought mandamus relief, asserting in part that the visiting judges' order of assignment did not authorize him to act further after he granted the mistrial. *Id.* at 170. The supreme court disagreed, stating:

> The order of assignment states:
>
> This assignment is for the period ... beginning the 10th day of January, 1990, provided that this assignment shall continue after the specifies [sic] period as may be necessary for the assigned Judge to complete trial of any case begun during the period, and to pass on motions for new trial *and all other matters growing out of cases tried by the Judge here and assigned during this period.*
>
> The assignment order clearly authorized Judge Martinez to act on posttrial matters "growing out of" this case. The sanctions order and the default judgment are certainly matters growing out of the trial of this case and within the scope of Judge Martinez' assignment.

850 S.W.2d at 170 n. 5 (emphasis added).

As did the visiting judge in *Remington Arms*, Judge Lykos had jurisdiction to enter sanctions, discovery orders, and temporary orders, which are "matters growing out of the trial of this case and within the scope of [her] assignment." Whether Judge Lykos abused her discretion when she entered such orders is a different question, as in *Remington Arms*. Based on the incomplete record

---

4. Although the hearing was recorded and included evidence, relator has only provided us with a partial statement of facts covering only Judge Lykos' oral rendition of her decision at the end of the hearing.

5. After the evidentiary trial on June 24, at which both parties appeared with counsel and put on evidence, Judge Lykos again named the father the proper party to be managing conservator. It is this second trial that Judge Lykos did not have authority to preside over because of the timely objection filed by the mother.

before us, we cannot determine whether the trial judge clearly abused her discretion.[6]

Because Judge Lykos acted within the scope of her authority when she orally ruled on May 16, and thereafter signed the written order on June 2, 1997, only orders issued after relator timely objected to Judge Lykos' second assignment should be stayed as part of the granting of mandamus relief.

6. As indicated in footnotes one through four, the record before us is inadequate for such a determination.