NUMBER 13-02-190-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




LEE M. HERRING AND
LEONARD WALTER ROBINSON,                                        Appellants,

v.

CHRISTOPHER TODD CHILDERS,                                         Appellee.




On appeal from the 23rd District Court
of Matagorda County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Castillo, and Chavez




Memorandum Opinion by Justice Castillo

         Appellants Lee M. Herring and Leonard Walter Robinson filed a lawsuit against
appellee Christopher Todd Childers, alleging personal injuries sustained in a vehicular
accident. The presiding judge of the trial court overruled their objection to the
assignment of a visiting judge. From this decision, Herring and Robinson assert one
issue, contending that the trial court erred in overruling their objection. We affirm. 
I. PROCEDURAL BACKGROUND
         Three judges were involved in the proceedings below. The Honorable Ben
Hardin presided as judge of the trial court. Herring and Robinson previously had
objected to the assignment of a visiting judge. On the date set for their jury trial,
Judge Hardin denied their objection to a second visiting judge. Herring, Robinson, and
their attorney did not appear for trial. Childers and his counsel appeared and
announced ready. On Childers's motion, Judge Bass dismissed the case for want of
prosecution. Herring and Robinson filed a motion for new trial, which Judge Hardin
also denied. This appeal ensued. 
II. RELEVANT FACTS
A. The Day of Trial
         The record shows that on December 3, 2001, the presiding judge of the trial
court, Judge Ben Hardin, was handling a docket in Brazoria County. In his place in
Matagorda County was visiting judge Ogden Bass. Judge Bass called Herring and
Robinson's case for jury trial.


 Neither Herring, Robinson, nor their counsel was
present. Childers and his counsel appeared and announced ready for trial. In
introducing himself to the venire to qualify them for jury service, the visiting judge
stated, "I retired in December of '98 and took what's called 'senior judge status.'" 
After qualifying the panel, the visiting judge recessed the proceedings until 10:30 that
morning, explaining to the venire he was at a point where he could not use them "right
now." 
         Outside the presence of the venire, the visiting judge stated: 
Earlier this morning I returned a call to Judge Ben Hardin, who is sitting
in Angleton, Texas. He informed me that the Plaintiff in this matter had
filed an objection to this Judge, this assigned Judge, and that Judge
Hardin was going to deny it because the Plaintiff had filed an objection
to the Honorable Joe Ned Dean in this particular case. As we understand
the law, they are entitled to only one objection. Judge Hardin was
having prepared an order denying, as well as attaching the necessary
papers to go along with the order. He felt, as I do, that he should be the
one to decide the matter rather than this assigned Judge. He indicated
– well, he told me that he would have that order over here as soon as he
could, he was going to fax it to this particular Court. So that's where we
stand. 

         What is your position, [Childers's counsel]?

         Childers's counsel stated he did not know about the objection "until Your Honor
just told me this morning." He added that Childers was ready to pick a jury and "since
the Plaintiff failed to appear, the defense makes a motion that the case be dismissed
on the merits of prejudice." Childers's counsel subsequently explained outside the
presence of the venire:
We had settlement discussions last week, me and [Plaintiff's counsel]. 
The discussion was that if we can't get this case settled, then we're
going to be going to trial; and she acknowledged that, yes, we would be
going to trial today. So that's essentially what she said. And it was her
request for a trial setting in the case that brought us here this morning. 
In any event, that's basically what the conversation was. I don't want
to misquote her. 

         The visiting judge requested that the bailiff "sound the names of Lee M. Herring
and Leonard Walter Robinson each three times in a loud, distinct voice in the hallways
of the courthouse and report your findings." The visiting judge then asked the district
clerk to telephone plaintiffs' counsel. The bailiff reported that at "10:10, no
response." Next, the visiting judge showed Childers's counsel a copy of a facsimile
received from plaintiffs' counsel's office and a copy of Judge Hardin's order signed
that day. The order denied Herring and Robinson's objection to the assigned judge. 
After correction of a typographical error as to the trial date, the visiting judge called
a recess. When the proceedings resumed, the district clerk reported she had called
plaintiffs' counsel twice. The phone rang three or four times and then beeped without
a recorded message. "It just beeps," she said. 
         The visiting judge then asked Childers's counsel about the history of the case
as to "dealings" with plaintiffs' counsel. Childers's counsel stated that the case was
dismissed once before for failure to respond to discovery and a $200 sanction
assessed. He added that plaintiffs' counsel had filed a motion for reinstatement,
which the trial court had granted. Childers's counsel relayed other instances of
problems with discovery and communication. After bringing in the venire and again
recessing the case, the visiting judge called the case once more. Childers's counsel
moved that the case be dismissed for want of prosecution. The visiting judge granted
the motion and discharged the venire. The visiting judge then admitted for the record
five exhibits, including Court's Exhibit 1, which was a copy of the docket for that
morning. The visiting judge stated that the case was the only case left for trial by jury
because the others settled or were reset. He continued:
Mary Schubert, the Court coordinator for the 23rd Judicial District
Court, who is presently in Angleton, Texas, received a facsimile
transmittal sheet earlier this morning from the Plaintiffs' lawyer . . ., with
an objection to this assigned Judge; and Judge Ben Hardin made a ruling
denying the objection to the assigned Judge, which contained several
different attachments to it. That will be marked as Court's No. 2.
 
In addition, Judge Hardin had transmitted by facsimile to [plaintiffs
counsel] an exact copy of this Order and the attachments thereto, which
I'm marking as Court No. 3. . . . I'm going to mark as Court's No. 4 a
transmittal letter that was received by Ms. Schubert this morning from
a Kim Pickens for . . . Plaintiffs' counsel, and the attachment thereto. 
 
Now this docket was set to be tried at 9:30 this morning. It is
now 11:40 in the a.m. I have not heard from [plaintiffs' counsel] by any
forms of communication, the Court has not. The objection that was sent
to Judge Hardin was not filed with this Court in Matagorda County, and
I'm marking as Court's No. 5 a copy of a fax prepared under my direction
by the District Clerk, Becky Denn, Esquire, which is self-explanatory, and
this was, at my understanding, transmitted about 10:45 – . . . around
11:00 o'clock today.


 It is self-explanatory, and I have had no response
to that facsimile. Court 5 is admitted as well as the other four. 
 
Now, the Court took into consideration, in granting the motion by
Defendant, that this case had been dismissed once before. The incident
made the basis of the lawsuit happened in the year 1996. The
Defendant's lawyer before the Court has been involved for at least the
last two years, and his statement is in the record. The Court has no
reason to disbelieve it because [Childers's counsel] is an officer of the
Court and he has showed candor to the Court and I have no reason to
disbelieve what he said. For that and any other good and sufficient
reasons that are not enunciated by this Judge but appear in the record,
the motion was granted. 
         The proceedings ended. The visiting judge entered a Final Order dismissing the
case for want of prosecution. 
B. The Objection to Assigned Judge
         The record shows that the Objection to Assigned Judge was sent by facsimile
to the court coordinator on December 2, 2001. The record does not establish when
the parties received notice of the appointment of the visiting judge. The objection
stated in part: 
NOW COME Plaintiffs Lee M. Herring and Leonard Walter
Robinson, and file this timely


 objection to the assignment of the
Honorable Judge Ogden Bass as presiding judge over any hearing or trial
in this cause, pursuant to section 74.053 of the Texas Government
Code, Title 2, Judicial Branch, Subtitle F Court Administration,
Subchapter C Administrative Judicial Region, and hereby requests said
judge to sustain this objection, through which disqualification is
mandatory. Dunn v. Street, 938 S.W.2d 1997 (Tex. 1997); O'Connor
v. Lykos, 960 S.W.2d 96 (Tex. App. [1st] Houston 1997); State ex rel
Holmes v. Lanford, 837 S.W.2d 581 (Tex. App. [14th] Houston 1992). 

Alternatively, if Judge Bass is no longer assigned to this court, as
of the time of the first hearing on any matter in this cause by one other
than Judge Ben Hardin, Plaintiff files this timely objection to any assigned
judge (whether denominated retired/former/visiting), rather than a
gubernatorially appointed, regular judge, as presiding judge over any
hearing or trial in this cause, pursuant to section 74.053 of the Texas
Government Code, Title 2, Judicial Branch, Subtitle F Court
Administration, Subchapter C Administrative Judicial Region, and hereby
requests said judge to sustain this objection, through which
disqualification is mandatory. Dunn v. Street, 938 S.W.2d 1997 (Tex.
1997); O'Connor v. Lykos, 960 S.W.2d 96 (Tex. App. [1st] Houston
1997); State ex rel Holmes v. Lanford, 837 S.W.2d 581 (Tex. App.
[14th] Houston 1992). 
C. The Order Denying Objection to Assigned Judge
         Judge Hardin's order states:
                  This case is set for jury trial today, December 1, 2001.


 Today,
counsel for Plaintiffs filed the attached Objection To Assigned Judge,
with respect to Judge Ogden Bass. Also attached hereto is the Order of
Assignment By the Presiding Judge by which the Honorable Ogden Bass
has been assigned to preside over the 23rd Judicial District Court of
Matagorda County, Texas, for one week, beginning December 2, 2001. 
Obviously, the assignment of Judge Bass includes the trial of the above
styled case.
 
Plaintiffs' objection to Judge Bass is invalid because Plaintiffs
previously filed the attached Objection To Assigned Judge with respect
to the Honorable Joe Ned Dean on or about May 8, 2001.
 
It is, therefore, ORDERED that the Objection To Assigned Judge
filed by Plaintiffs with respect to the Honorable Ogden Bass is hereby
Denied.
 
SIGNED this the 3 day of December, 2001.
         The visiting judge received a copy of the order by facsimile. The record shows
that a copy of the order was sent by facsimile to Herring and Robinson's counsel
at 11:59 the morning of the date of trial. Childers's counsel reviewed a copy from the
visiting judge while in court.
D. The Order Assigning Ogden Bass, Senior Judge
         Attached to Judge Hardin's order denying the objection was a copy of the Order
of Assignment by the Presiding Judge, assigning Ogden Bass, Senior Judge of the
300th Judicial District Court, to the 23rd Judicial District Court beginning December 2,
2001. The order reflects, "Ordered this 28th of November, 2001." 
E. The Order Assigning Joe Ned Dean, Senior Judge
         The record shows that Herring and Robinson previously filed a motion objecting
to visiting judge Joe Ned Dean. The Order of Assignment by the Presiding Judge
assigned Joe Ned Dean, Senior Judge of the 258th Judicial District Court, to the 23rd
Judicial District Court beginning May 13, 2001. The order reflects, "Ordered this 3rd
of May, 2001." 
F. The Notice of Trial Setting 
         On the date of trial, Judge Bass entered as Court's Exhibit 1 the Notice of Trial
Setting for Monday, December 3, 2001 at 9:30 a.m. The first case on the docket is
Cause 98-H-0671-C, styled Herring and Robinson v. Childers. In handwriting at the
top, the docket shows "Hon. Ogden Bass, Judge Presiding." At the bottom appears:
"Lead counsel for each party should call Court Coordinator ([979] 864-1205) the
mornings of November 19, 2001 and November 26, 2001 to report the status of their
case and determine probable trial schedule." At the bottom also appears, "Revised
Notice of Trial Setting mailed: 10-16-01." 
G. The Motion for New Trial
         Herring and Robinson asserted in their motion for new trial that: (1) the trial
court erred in overruling their objection to the assigned judge; (2) the one-objection
limitation for parties to a civil case only applies to objections to assignments of regular
or retired judges, and there is no such limitation when objecting to assignment of a
former judge; (3) Judge Joe Ned Dean, the first judge to whom they objected, was not
a regular judge or a retired judge; (4) parties may make unlimited objections to a case
being heard by an assigned former judge if the assigned former judge is not a retired
judge; (5) consequently, because they had not exhausted their "one only" objection
to a retired or former judge, the court erred in overruling their objection to Judge Bass;
and (6) by law, when a judge erroneously overrules an objection to an assigned judge,
as here, all subsequent orders issued by the assigned judge are void. 
H. The Order Overruling Motion for New Trial
         Judge Hardin denied the motion for new trial by written order:
ORDER OVERRULING MOTION FOR NEW TRIAL
The Court has received and considered Plaintiffs' unsworn motion
for new trial, as well as Defendant's response. No hearing was
requested or held, but Plaintiffs' motion can be decided on the basis of
the record alone. As explained herein, Plaintiffs misstate the record and
the law in their motion. Accordingly, the Court has determined that
Plaintiffs' motion for new trial should be denied.
 
By Order dated May 3, 2001, the Honorable Joe Ned Dean, retired
Judge of the 258th District Court was appointed by the Honorable Olen
Underwood, Presiding judge of the Second Administrative Judicial
Region, to preside over cases tried in the 23rd District Court in
Matagorda County, Texas during the week of May 28 through June 1,
2001. A copy of that Order is attached hereto as Exhibit "A". This case
was set as the number one case for jury trial on May 29, 2001. 
Plaintiffs' counsel, on behalf of both Plaintiffs, timely objected to the
assignment of Judge Dean to hear the above styled case. A copy of
Plaintiffs' objection is attached hereto as Exhibit "B". This case was,
accordingly, continued from the May 29th trial docket.
 
Plaintiffs' counsel then requested that the case be set for jury trial
on December 3, 2001, which request was granted. A copy of Plaintiffs'
trial setting request is attached hereto as Exhibit "C". 
 
By Order dated November 28, 2001, Judge Underwood appointed
the Honorable Ogden Bass, retired Judge of the 300th District Court, to
preside over cases tried in the 23rd District Court in Matagorda County,
Texas during the week of December 3, 2001. A copy of that Order is
attached hereto as Exhibit "D".
 
By Friday, November 30, 2001, the above styled case was the
only case left on the jury trial docket for the following Monday. On
Sunday, December 2, 2001, Plaintiffs' counsel served on the Court by
fax a copy of Plaintiffs' objection to the assignment of Judge Bass.


 A
copy of that objection is attached hereto as Exhibit "E". This objection
was also mailed to the District Clerk of Matagorda County as shown in
Exhibit "E". Neither Plaintiffs nor their counsel appeared in Court at 9:30
a.m. on Monday, December 3, 2001 in the Matagorda County
Courthouse when the case was called for trial.
 
Because, as explained hereinafter, Plaintiffs' objection to the
assignment of Judge Bass was improper, the Honorable Ben Hardin,
regular Judge of the 23rd District Court denied the objection by Order
signed December 3, 2001. A copy of that Order is attached hereto as
"Exhibit "F". [sic] The Court Administrator of the 23rd District Court
attempted to reach Plaintiffs' counsel by telephone to tell her that the
case was proceeding to trial, but was only successful in telling this to
someone in her office.


 According to Defendant's response, Judge Bass
also attempted to contact Plaintiffs' counsel by telephone that morning. 
Judge Hardin also sent a letter and a copy of the Order denying the
objection to Plaintiffs' counsel by fax just prior to noon on December 3,
2001. A copy of that letter is attached hereto as Exhibit "G". Because
Plaintiffs and their counsel failed to appear for trial, the Court signed a
judgment of dismissal in favor of Defendant on December 7, 2001. 
Plaintiffs' counsel did not contact the Court between the trial date and
rendition of this judgment. 
 
In their motion for new trial, Plaintiffs erroneously state that Judge
Dean is not a regular Judge or a retired Judge. However, as reflected on
Exhibit "A", Judge Dean is the "senior" or retired Judge of the 258th
District Court. Because both Plaintiffs objected to the assignment of
Judge Dean to hear this case, neither Plaintiff was able to properly object
to the assignment of Judge Bass, the "senior" or retired Judge of the
300th District Court. 
 
It is, therefore, ORDERED that Plaintiffs' motion for new trial is
hereby DENIED. 

III. ANALYSIS
         In one issue, Herring and Robinson assert that the two judges to whom they
objected had different judicial status when each left office: one was properly classified
as a "retired" judge and the other was properly classified as a "former" judge. 
Therefore, they argue that both plaintiffs had the right to at least two objections: one
to a "retired" judge and one to a "former" judge. They state that since Judge Dean
was not a "retired" judge, their objection to his assignment did not deprive them of
their "one only" objection to a "retired" judge. They contend that the trial court erred
in overruling their objection to the retired judge, Judge Bass, urging that because they
had not objected previously to a "retired" judge, they had not used their "one only"
objection. Herring and Robinson conclude that their objection to Judge Dean was
under section 74.053(d) of the Texas Government Code, not under section 74.053(b). 
A. Section 74.053 of the Texas Government Code
         Chapter 74 of the government code authorizes the nine regional presiding judges
to assign visiting judges to courts in their regions. In re Perritt, 992 S.W.2d 444, 446
(Tex. 1999) (orig. proceeding) (per curiam). Section 74.053 provides in pertinent part: 
(a)When a judge is assigned to a trial court under this chapter: 
 
(1) the order of assignment must state whether the judge is an
active, former, retired, or senior judge; and
 
(2) the presiding judge shall, if it is reasonable and practicable and
if time permits, give notice of the assignment to each attorney
representing a party to the case that is to be heard in whole or in part by
the assigned judge.
 
(b)If a party to a civil case files a timely objection to the assignment, 
the judge shall not hear the case. Except as provided by Subsection (d),
each party to the case is only entitled to one objection under this section
for that case. 

* * *
 
(d)A former judge or justice who was not a retired judge may not sit
in a case if either party objects to the judge or justice.

Tex. Gov't Code § 74.053(a),(b),(d) (Vernon 1998).



         While section 74.053 provides a right to object to a judge, it does not give a
party an unlimited right to have the matter decided before a judge of its choosing. In
re Houston Lighting & Power Co., 976 S.W.2d 671, 673 (Tex. 1998) (orig.
proceeding) (per curiam).
B. Standard of Review
         Matters of statutory construction are questions of law for the courts to decide. 
Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989) (per curiam). Our
review is de novo. Tex. Dep't of Pub. Safety v. Struve, 79 S.W.3d 796, 800 (Tex.
App.–Corpus Christi 2002, pet. denied). In interpreting a statute, we diligently try to
ascertain the Legislature's intent. Tex. Gov't Code Ann. § 312.005 (Vernon 1998);
Mitchell Energy Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex. 1997) (orig.
proceeding). We consider at all times the old law, the evil, and the remedy. Tex.
Gov't Code Ann. § 312.005 (Vernon 1998); see Ashworth , 943 S.W.2d at 438. We
consider the object sought to be attained; the circumstances under which the statute
was enacted; its legislative history; the common law or former statutory provisions;
the consequences of a particular construction; any administrative construction of the
statute; and its title, preamble, and emergency provision. Tex. Gov't Code
Ann. § 311.023 (Vernon 1998); see Ashworth, 943 S.W.2d at 438. With these
principles in mind, we turn to the statutory language to be construed. 

C. Analysis
         The Legislature intended section 74.053 to give parties the right to veto the
assignment of certain former judges. Ashworth, 943 S.W.2d at 438. The problem
that motivated the legislation was the perceived abuse of the assignment system, in
particular the use of judges whom the electorate had rejected recently. Id. The
solution, aimed at mitigating the problem, was to allow parties to object to some, but
not all, former judges. Id. The line of demarcation is experience. Id. However, the
Legislature intended to measure a judge's experience not merely by time spent as a
judicial officer but by service over a period of years with the approval of the electorate. 
Id. The Legislature intended for a party to be able to make unlimited objections to
former judges under section 74.053(d) only if the judges had not served long enough
to vest under the retirement system. Id. By promulgating section 74.053(d), the
Legislature distinguished two kinds of former judges: those who had vested when
they left office and those who had not. Id. In summary, the Legislature intended, for
the purpose of objections to visiting judges, that the proper inquiry be whether the
judge had vested under the State Judicial Retirement system at the time the judge left
office, not any later-acquired status. Id. 
         Thus, a former judge who was not a retired judge at the time the judge left
office may not sit in a case if either party objects to the judge. Tex. Gov't Code
Ann. § 74.053(a),(b),(d) (Vernon 1998). Subsection (b) allows a party to make one
objection to any assigned judge. However, subsection (d) allows unlimited objections
"to an assigned judge who was not a retired judge." Tex. Gov't Code § 74.053(d)
(Vernon 1998). Subsection (b) allowed Herring and Robinson to make one objection
each to any assigned judge. Tex. Gov't Code § 74.053(b) (Vernon 1998). However,
subsection (d) allowed unlimited objections "to an assigned judge who was not a
retired judge." See Tex. Gov't Code § 74.053(d) (Vernon 1998). 
         The Order of Assignment for Judge Dean states that he is a "Senior Judge of
the 258th Judicial District Court." Similarly, the Order of Assignment for Judge Bass
reflects he is a "Senior Judge of the 300th Judicial District Court." The presiding
judge of the court in which Herring and Robinson were set to try their case before a
jury attached these two documents to the order denying their motion for new trial. 
The record does not establish that Judge Dean was a "former" judge, as Herring and
Robinson argue.


 Judge Bass's comments to the venire indicate he was retired. 
Nothing in the record suggests that either Judge Dean or Judge Bass acquired retired
judge status only after they left the bench. Accordingly, the record does not show
that section 74.053(d) applies to either visiting judge. Conversely, the record also
does not reflect that section 74.053(b) does not apply to either judge.


 
         Thus, Herring and Robinson were entitled to only one objection each under
section 74.053(b). They exercised the "only one" objection each had when they
objected to Judge Dean. We hold that the presiding judge properly overruled their
objection to Judge Bass. 
IV. CONCLUSION
         We overrule Herring and Robinson's sole issue. We affirm the trial court's order
of dismissal for want of prosecution. 

                                                               ERRLINDA CASTILLO
                                                                Justice


Chavez, J., not participating. 

Opinion delivered and filed
this 31st day of August, 2004.