**Opinion issued May 27, 2021**



In The

# Court of Appeals

### For The

# First District of Texas

_____

**NO. 01-20-00477-CR**
**NO. 01-20-00478-CR**
**NO. 01-20-00479-CR**

_____

**IN RE THE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**CONCURRING AND DISSENTING OPINION**

The State petitions for mandamus relief arguing that the trial court abused its discretion in vacating an order that transferred these cases from Collin County to Harris County. The majority disagrees and denies the State's petition on the ground that the transfer order is void. Among other things, the majority holds that:

(1) the district judge who transferred these cases from Collin County to Harris County lacked the authority to do so because he presided over these cases under a statutory assignment and this statutory assignment had expired before he entered the transfer order; and

(2) Article V, Section 11 of the Texas Constitution, which allows a district judge to hold court for another when they deem it expedient, did not allow the district judge to continue presiding after his statutory assignment expired because this interpretation would thwart the statutory scheme.

With respect to the first prong of the majority's holding, I concur because the majority reaches the right result but does so for the wrong reasons. As to the second prong of the majority's holding, I respectfully dissent from it altogether.

**Background**

At the heart of this petition lies a dispute between the State and Ken Paxton about where the underlying criminal cases should be tried. The State prefers that they be tried in Harris County. Paxton prefers that they be tried in Collin County.

The procedural posture of this petition is straightforward. At the request of the presiding judge of the First Administrative Judicial Region, in which Collin County is located, the presiding judge of the Eighth Administrative Judicial Region, in which Tarrant County is located, assigned Tarrant County District Judge George Gallagher to preside over these cases in the 416th District Court of Collin County. But the presiding judges of these two administrative regions entered conflicting orders as to the duration of the assignment. The presiding judge of the Eighth Region assigned Gallagher for a set number of days, unless the cases went to trial during this period,

2

in which case Gallagher was to shepherd them to final judgments, subject to termination of the assignment at an earlier date by the presiding judge for the Eighth Region. In contrast, the presiding judge of the First Region assigned Gallagher to preside over these cases indefinitely, unless this presiding judge of the First Region terminated the assignment at an earlier date.

The State eventually requested that Gallagher transfer these cases to Harris County, and Gallagher did so. *See* TEX. CODE CRIM. PROC. art. 31.02 (authorizing transfer on prosecution's motion when fair and impartial trial cannot be had in county in which case is pending). It is undisputed that Gallagher's assignment had expired under the terms of the order entered by the presiding judge of the Eighth Region when Gallagher transferred these cases to Harris County.

Paxton objected to Gallagher's transfer order, but Gallagher did not rule on the objection. Instead, Gallagher ordered that Paxton's objection be heard by the Harris County district court to which the cases would be transferred.

The Harris County district court sustained Paxton's objection. It vacated Gallagher's transfer order, returning the cases to Collin County, on the basis that Gallagher's assignment had expired before he transferred the cases. In its mandamus petition, the State contests the order vacating the transfer order.

**Analysis**

***First Prong of the Majority's Holding***

The majority first holds that the more definite assignment order of the presiding judge of the Eighth Region trumps the broader one entered by the presiding judge of the First Region. The majority reasons that construing Section 74.056(b) of the Government Code "as allowing the receiving judicial administrative presiding judge to unilaterally dictate the terms of an assignment would thwart regional oversight and conflict with the purpose of regional administrative management." The majority further reasons that the more definite order prevails over the broader one under well-established canons of interpretation.

While the majority reaches the right result, it does so for the wrong reasons. Section 74.056(b) provides that a "presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request." The statute expressly provides that one administrative judge may request that another administrative judge furnish judges. In this context, a request is the act of formally asking for something, and furnish means to supply, give, or provide. NEW OXFORD AMERICAN DICTIONARY 705, 1483 (3d ed. 2010). If the presiding judge of one administrative region could simply commandeer judges from another administrative region, that presiding judge would

4

not need to formally ask the presiding judge of the other administrative region for this aid and the presiding judge of the other administrative region would not need to supply, give, or provide this aid. In other words, the result that the majority intuits from the statutory scheme's purpose inheres in the plain language of the statute.

When, as here, a statute's language is clear and unambiguous, our analysis ends because the Legislature must be understood to mean what it expressed. *Day v. State*, 614 S.W.3d 121, 127 (Tex. Crim. App. 2020). Under these circumstances, we discern the Legislature's intent, and thus the statute's purpose, from the plain meaning of the statutory text alone, not inferences drawn from the statutory scheme. *Id.*; *State v. Doyal*, 589 S.W.3d 136, 149 (Tex. Crim. App. 2019).

And if Section 74.056(b) left any doubt as to who has the authority to assign judges to another administrative region, another provision in this statutory framework would eliminate that doubt altogether. Section 74.058(a) of the Government Code provides that "a judge assigned by the presiding judge to a court in the same administrative region, or to a court in another administrative region at the request of the presiding judge of the other administrative region, shall serve in the court or administrative region to which he is assigned." The plain language of Section 74.058(a) expressly identifies the presiding administrative judge of the region in which the assigned judge ordinarily sits as the assigner.

The majority strays further afield in resorting to canons of interpretation. The general-versus-specific canon is well established. *E.g.*, *Sims v. State*, 569 S.W.3d 634, 642 (Tex. Crim. App. 2019) (applying canon to statutes). But courts ordinarily apply this canon to resolve irreconcilable conflicts between statutory or contractual provisions. It is not self-evident that the canon can be applied to inconsistent orders entered by different judges. Nor is it apparent that the inconsistency at issue—the duration of Gallagher's assignment—is one susceptible to characterization as a conflict between a general provision and a specific one. In its proper application, courts apply the general-versus-specific canon so that a specific provision operates as an exception to the general one in a particular situation, not to negate the general provision entirely. *Id.* The majority's application of the canon, however, interprets one of the two orders, the one it characterizes as general, out of existence.

At any rate, assuming inconsistent orders entered by different judges can be reconciled by resort to canons of interpretation in general, the majority's attempt to do so in this particular instance is fatally flawed because its reconciliation rests on an erroneous interpretation of the statute under which the inconsistent orders were entered. The majority erroneously posits that the presiding judge of the First Region could have assigned Gallagher, notwithstanding the unambiguous contrary language of Sections 74.056(b) and 74.058(a). But given that one of the assignment orders is valid and the other is not, there is no need to reconcile the two orders.

6

In sum, the majority is correct that the narrower assignment order of the presiding judge of the Eighth Region prevails over the broader one entered by the presiding judge of the First Region. But this is so because the presiding judge of the First Region did not have any authority to assign Gallagher to sit in Collin County and hear these cases under the plain language of the applicable statutes, not because of the ostensible overarching purpose of the statutory scheme or because of the ostensible need to reconcile the two orders through canons of interpretation.

### *Second Prong of the Majority's Holding*

Apart from the statutory assignment of judges to other districts and counties, our Constitution provides that "District Judges may exchange districts, or hold courts for each other when they may deem it expedient." TEX. CONST. art V, § 11. Under this constitutional provision, district judges have broad discretion to exchange benches or hold courts. *Floyd v. State*, 488 S.W.2d 830, 832 (Tex. Crim. App. 1972). They may exchange benches or hold courts for each other without "a formal order or entry on the record of the reasons." *Id.* There are no geographical restrictions on this provision. *Sanchez v. State*, 365 S.W.3d 681, 685 (Tex. Crim. App. 2012).

The majority holds that Article V, Section 11 does not apply for two reasons. First, it says the record shows that Gallagher was statutorily assigned to these cases, not that he exchanged benches with another judge under the constitutional provision, and that his statutory assignment had expired. Second, the majority says an expired

7

statutory assignment cannot be "automatically converted" into a constitutional exchange of benches because doing so "would create confusion about the scope of assignment orders and undermine the effectiveness of the Court Administration Act."

I do not dispute that Gallagher was statutorily assigned to preside over these cases or that his statutory assignment had expired when he transferred them to Harris County. But Article V, Section 11's standard—expediency—is very broad. Under this provision, an exchange of benches is expedient whenever it is "convenient and practical." NEW OXFORD AMERICAN DICTIONARY 609 (3d ed. 2010). One of our sister courts has held that an assignment order reflected that the judges involved had deemed it expedient for the assigned judge to preside over a case as contemplated by Article V, Section 11, notwithstanding the fact that the order referenced neither the constitutional provision nor its expediency standard. *Permian Corp. v. Pickett*, 620 S.W.2d 878, 880–81 (Tex. App.—El Paso 1981, writ ref'd n.r.e.). Similarly, the assignment order before us—though expired—effectively reflects that the judges involved deemed it expedient for Gallagher to preside over these cases. This is enough to save Gallagher's transfer order, particularly given that Paxton did not object to Gallagher's continued involvement in the cases until after the order had

been entered and more than five months after Gallagher's statutory assignment had expired.[1]

I acknowledge that applying Article V, Section 11 under circumstances like these could result in confusion about the scope of an assignment order in a given case. But we can achieve certainty only at the expense of flexibility. Some potential for confusion is unavoidable in a flexible system like ours, which includes multiple sources of authority for the assignment of judges and exchange of benches under a variety of circumstances. *See* TEX. CONST. art. V, § 11; TEX. GOV'T CODE §§ 24.003, 74.056–.057, 74.121; TEX. R. CIV. P. 330(e). Those who ratified the broad language of Article V, Section 11 necessarily weighed the trade-off between certainty and flexibility and struck the balance in favor of the latter by placing no limitations other than expediency on the provision. Our safeguard against any resulting potential for confusion lies in restraint, collegiality, communication, and cooperation on the part

---

[1] At the December 17, 2019 hearing on Paxton's motion to set aside Gallagher's transfer order, Paxton's counsel represented that he objected to the transfer order as soon as he discovered that Gallagher's assignment had expired. But counsel's representation was not based on personal knowledge. After counsel for the State argued that there was no evidence as to when Paxton's counsel discovered that Gallagher's assignment had expired, Paxton's counsel explained: "I'm telling you as an officer of the court standing here in good faith we found out in May. If you want to take testimony on that, I'm happy to have Phil, who I think actually discovered this, testify." Because Paxton's counsel did not have firsthand knowledge of the matter (and Phil did not testify), the trial court could not rely on his representations as evidence. *Gonzalez v. State*, 435 S.W.3d 801, 811–12 (Tex. Crim. App. 2014). Nor can we. There is no evidence in the record as to how or when Paxton's counsel discovered that Gallagher's assignment had expired.

of judges. *Davis v. Crist Indus.*, 98 S.W.3d 338, 343 n.19 (Tex. App.—Fort Worth 2003, pet. denied). In this case, the application of Article V, Section 11 could not cause any more confusion than has already resulted from the entry of conflicting assignment orders by the presiding judges of two administrative regions.

The majority cites our decision in *Roberts v. Ernst* as support for its position that we cannot treat Gallagher's assignment as a constitutional exchange of benches. 668 S.W.2d 843 (Tex. App.—Houston [1st Dist.] 1984, orig. proceeding). But *Roberts* was decided on very different facts. In that case, the presiding judge of the administrative region assigned a district judge to another court for one week as well as the period of time afterward necessary to complete any trial begun and to hear any new-trial motions. *Id.* at 844. The assigned district judge tried a case during this period but granted the plaintiffs a new trial afterward on the ground that the damages awarded by the jury were inadequate. *Id.* Months later, as the case approached retrial, the presiding judge of the administrative region assigned a second district judge to the court to address pretrial motions. *Id.* at 844–45. This second judge heard these motions and granted a continuance sought by the defendants. *Id.* at 845. The district judge who originally tried the case apparently was in the courtroom when the second judge did so and disapproved of the second judge's ruling. *See id.* Almost within the hour, the original judge—whose assignment to the court had long ago expired— vacated the continuance entered by the second judge and then granted the plaintiffs

a change of venue! *Id.* In a later mandamus proceeding, the plaintiffs tried to defend this turn of events on the ground that the first district judge continued to properly exercise authority over the case under Article V, Section 11. *Id.* at 846. On these remarkable facts, which involved one district judge whose assignment had expired undoing the order of another judge who had since been assigned to the case, we quite sensibly rejected the plaintiffs' argument on the ground that the record contained no evidence that the two judges had agreed to an exchange of benches. *Id.*

In other words, *Roberts* stands for the commonsense principle that an exchange of benches cannot exist, or be implied from an expired assignment, when the facts definitively show that one judge is interfering with the rightful authority of another. This principle has no applicability here, given that Gallagher was the lone judge presiding over these cases when he transferred them to Harris County.

Though the order assigning Gallagher to hear these cases had expired, it implicitly reflects a judgment by the assigning presiding judge that Gallagher's presence is expedient. *See Permian Corp.*, 620 S.W.2d at 880–81. Likewise, the second assignment order, though invalid, implicitly reflects a judgment on the part of the requesting presiding judge that Judge Gallagher's presence is expedient. *See id.* When, as here, a district judge continues to hear assigned cases after the expiration of his assignment without protest from the assigning or receiving presiding judges, and his continued hearing of the cases does not bring him into

11

conflict with the judge who ordinarily presides over the court, Article V, Section 11 fills the gap, enabling the district judge to carry on with the lapsed assignment until circumstances arise that show his presence is no longer welcome. Thus, Gallagher's order transferring these cases from Collin County to Harris County is not void, and the Harris County district court erred in vacating the transfer order on this basis.

As for the majority's contention that applying Article V, Section 11 in this instance would undermine the Court Administration Act, the majority puts the cart before the horse. Our Constitution is supreme. If its provisions undermine a statute, it is the statute that must give way. Courts have repeatedly said so with respect to Article V, Section 11 in particular. *See Moore v. Davis*, 32 S.W.2d 181, 182 (Tex. Comm'n App. 1930) (provision cannot be abridged by statute); *Reynolds v. City of Alice*, 150 S.W.2d 455, 458–60 (Tex. App.—El Paso 1940, no writ) (provision's scope cannot be limited by statute); *Ferguson v. Chapman*, 94 S.W.2d 593, 599 (Tex. App.—Eastland 1936, writ dism'd) (provision cannot be abridged by statute); *Connellee v. Blanton*, 163 S.W. 404, 406 (Tex. App.—Fort Worth 1913, writ ref'd) (provision could not be interpreted as having been contravened by statute). But given that neither the presiding administrative judges nor the district judge who ordinarily presides over the Collin County court objected to Judge Gallagher continuing to hear these cases, any ostensible conflict with the Court Administration Act is chimerical.

For these reasons, I think the majority's refusal to apply Article V, Section 11 is flawed. Gallagher's continued involvement in these cases after the expiration of his assignment was expedient and therefore authorized by our Constitution.

**Conclusion**

I would grant the State's petition for the writ of mandamus because Article V, Section 11 of the Texas Constitution authorized Judge Gallagher to transfer these cases to Harris County after his statutory assignment expired. Thus, I respectfully dissent from the majority's denial of the State's petition for the writ of mandamus. That said, at this point almost six years has elapsed since Paxton was indicted. Whichever district court ultimately receives these cases should move them to trial as expeditiously as possible. Further delay is anything but expedient.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Hightower, and Countiss.

Justice Goodman, concurring and dissenting.

Publish. TEX. R. APP. P. 47.2(b).

13