**J. W. TERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44025.**

Court of Criminal Appeals of Texas.

July 14, 1971.

Garland D. Sell, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation. The record reflects that on September 22, 1969, appellant was convicted for the offense of felony theft on his plea of guilty. Punishment was assessed at 10 years. The imposition of sentence was suspended and appellant placed on probation; one of the terms and conditions of probation being that he "commit no offense against the laws of this State or any other State or the United States."

On September 9, 1970, a motion to revoke probation was filed alleging that appellant violated the aforementioned term in that on September 5, 1970, appellant did unlawfully and upon George D. Hicks, with malice aforethought make an assault with intent to murder the said George D. Hicks.

The hearing was held on the motion to revoke on September 17, 1970, and upon completion of the hearing the court found that appellant had violated the conditions of his probation heretofore granted, and revoked the probation on the grounds that he had committed "an offense against the laws of the State of Texas in that he com-

mitted an aggravated assault upon George Hicks which was a lesser and included offense to that alleged in the motion to revoke of assault with intent to murder with malice."

Appellant contends that the court abused its discretion in revoking probation alleging "The trial court *o*bused its power of discretion in revoking the probation of J. W. Terry in that the evidence was conflicting to a point which rendered it insufficient to prove, beyond a reasonable doubt, that J. W. Terry did assault George D. Hicks." The record reflects that George Hicks identified the appellant as the person who stabbed him with a knife on the date in question and that Susan Black and Lynn Watson were in the company of George Hicks. Susan Black and Lynn Watson both identified appellant as being the man who stabbed the injured party with a knife on the date in question. Dr. George H. Kollmar testified that George Hicks had received a stab wound near the navel and that he was hospitalized for some four or five days as a result of said stab wound, and that appellant was admitted to the hospital on the date in question.

Appellant testified that he had visited one Johnny Stiger on the night in question and after leaving Stiger's house had visited with a person by the name of Deano, and at the times testified to by the injured party and the two girls with him, he was at home asleep in bed.

Johnny Stiger testified that appellant had visited with him until about 11 o'clock.

The injured party said the assault occurred at 1 or 1:30 a. m., and the girls with him said it occurred at 3 or 3:30 a. m.

The trial judge is the finder of facts in a cause of this type. Based upon the above evidence, there is no abuse of discretion in the revocation of probation. Patton v. State, Tex.Cr.App., 450 S.W.2d 856; Cooper v. State, Tex.Cr.App., 447 S.W.2d 179.

The judgment is affirmed.