**Wesley J. FLOYD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46268.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

State, supra, was subsequent to the trial of this case.

Renal Brosson, Snyder, for appellant.

Lealand W. Greene, Dist. Atty., Snyder, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

On August 13, 1971, the appellant entered a plea of guilty before the court to the offense of felony theft and was as-

sessed a punishment of 6 years. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions, among which were the requirements that he

"(a) [c]ommit no offense against the laws of this State or any other State or of the United States;

. . .

(j) Not drink any intoxicating liquor;

. . ."

On October 27, 1971, a motion to revoke probation was filed alleging that appellant had violated the condition of probation "by committing the offense of being drunk in a public place on or about October 21, 1971, in Knox County, Texas."

A hearing on such motion was conducted on November 1, 1971 at the conclusion of which the court revoked probation finding that the appellant had violated his probation as alleged in the motion to revoke. Sentence was imposed and notice of appeal was given.

Initially, appellant contends the revocation order should be set aside as there is no administrative assignment order in the record assigning the Honorable Weldon Kirk to sit in the 132nd District Court and to conduct the hearing on the revocation motion.

Appellant acknowledges that the "regular judge of the 132nd District Court" had disqualified himself in the case, and the record fails to reflect that the appellant raised any objection to Judge Kirk's authority to preside. Judge Kirk, in fact, had been the trial judge who placed the appellant on probation.

The state constitution provides that district judges may exchange districts, or hold court for each other, when they may deem it expedient, and shall do so when required by law. Article V, § 11, Vernon's Ann.St. Tex.Const. See also Article 1916, Vernon's Ann.Civ.Stats. Joines v. State, 482

S.W.2d 205 (Tex.Cr.App.1972); Lavallas v. State, 444 S.W.2d 931 (Tex.Cr.App. 1969).

■ The expression "whenever they deem it expedient," as utilized in both constitutional and statutory provisions, confers on district judges broad discretionary powers to exchange benches, or hold court for each other, which is reviewable only if an abuse of discretion has occurred. Although better practice would require one, the exchange may be accomplished without the necessity of a formal order or entry on the record of the reasons for such exchange. See 33 Tex.Jur.2d Judges §§ 102, 106, and 107. Pendleton v. State, 434 S. W.2d 694 (Tex.Cr.App.1968).

■ Further, where no objection is made to the right of a judge from another district to sit in a case, all objections to his authority to sit are considered waived and it is presumed the judge was in regular discharge of his duties pursuant to the statute authorizing an exchange of benches. Carter v. State, 130 Tex.Cr.R. 569, 95 S.W.2d 447 (1936); Joines v. State, supra. 33 Tex.Jur.2d Judges § 108.

■ Next, appellant claims the evidence was insufficient to show a violation of the probationary condition (a) upon which the revocation was based.

Sheriff Stone of Knox County testified he investigated an accident on State Highway 283 in his county on October 21, 1971 and found a 1953 Dodge automobile off the shoulder of the highway. He identified appellant as one of the three occupants of the car and related the appellant had a strong odor of alcohol on his breath and was unsteady on his feet. Based on his experience as a law enforcement officer since 1952, he expressed the opinion that the appellant was intoxicated. Sheriff Stone testified that he filed on the appellant for being drunk in a public place and that the appellant pleaded guilty to such

charge in the Justice of the Peace Court, Precinct One of Benjamin, Knox County, and was fined $22.50.

Deputy Sheriff Carr of Knox County testified he saw the appellant at the jail after his arrest and expressed the opinion that the appellant was drunk.

Testifying in his own behalf, appellant related he had two or three drinks of brandy on the occasion in question and had also taken some pills because of injuries suffered when an automobile fell off a jack on him. He admitted he was drunk on "pills and alcohol" on the date alleged.

In Walker v. State, 171 Tex.Cr.R. 379, 350 S.W.2d 561 (1961), this court held that public streets and highways are public places within the statute (Article 477, Vernon's Ann.P.C.) defining drunkenness in a public place.

Thus, we deem the evidence sufficient to justify revocation. On appeal from an order revoking probation, this court will view the evidence in the light most favorable to the order. Bowers v. State, 414 S. W.2d 929 (Tex.Cr.App.1967). The trial judge is the trier of the facts and sole judge of the credibility of the witnesses and the weight to be given to their testimony. Maddox v. State, 466 S.W.2d 755 (Tex.Cr.App.1971); Terry v. State, 468 S.W.2d 849 (Tex.Cr.App.1971); Rutledge v. State, 468 S.W.2d 802 (Tex.Cr.App. 1971).

As to appellant's claim that there is no evidence in the record or transcript showing the conditions of probation, it is observed that the record contains an "Order Suspending Sentence and Placing Defendant on Probation" which sets forth the probationary conditions. Further, on cross examination, appellant admitted the court had explained to him probationary condition (a) and he also admitted he knew he was not to drink intoxicating liquor.

The judgment is affirmed.