In the Matter of the ESTATE of Lilly E. FISK, Deceased.

David A. WELTE, Administrator ad litem for the Estate of Lilly E. Fisk, Deceased, Appellant,

v.

Ralph L. MARTIN, guardian of the Estate of Gary Fisk, Respondent.

No. KCD 27691.

Missouri Court of Appeals, Kansas City District.

June 1, 1976.

David A. Welte, Olsen, Talpers & Welte, Kansas City, for appellant.

W. Raleigh Gough, Independence, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Ralph Martin, as guardian of Gary Fisk, filed a motion in the probate court requesting an order nunc pro tunc to show that he had filed an application for a homestead allowance for his ward within the time allowed by law, because the records of the probate court failed to show such application had been filed.

The probate court refused to make such order, but on appeal the circuit court reversed and ordered the probate court to make a homestead allowance. Affirmed.

The Estate concedes Martin did prove the homestead application was filed, but argues such proof is legally insufficient because it consisted solely of the oral testimony of Martin's deputy public administrator. This testimony showed the deputy gave the homestead application and proposed order approving such allowance to the clerk of the probate court. The Estate says this proof cannot be accepted to show the filing because of the holding in *Scharlott v. Gibson*, 463 S.W.2d 849 (Mo.1971). In that case the court applied the well established rule in which it is generally stated that an amendment nunc pro tunc may not be made to depend upon the memory of the judge or of a witness or of counsel, but must be supported by facts in the record. The rule also requires some record basis for the amendment, such as an entry either in the minutes kept by the judge or clerk or some paper filed in the cause.

The argument of the Estate completely overlooks the fact there is a distinction between ministerial acts performed by the clerk and judicial acts performed by the judge. The rule stated in *Scharlott*, and in numerous other cases, applies to orders nunc pro tunc concerning judicial acts by the judge. This rule has no application to establishing ministerial acts performed by the clerk.

This distinction is drawn in *Dorrance v. Dorrance* 242 Mo. 625, 148 S.W. 94 (banc 1912). In that case the court was considering a motion for an entry nunc pro tunc to show the filing of an amended petition, when otherwise the record of the clerk did not show the date on which such petition was filed. The court referred to the rule stated above with reference to judicial acts and pointed out that such rule applied only to judicial acts and not to the ministerial acts of the court's officers. The court quoted from *Baker v. Henry*, 63 Mo. 517, 519 (1876):

" 'The mere indorsement by the clerk on the paper is not the sole constituent element of filing that paper, for in legal contemplation the presentation and delivery of the paper to the court or officer is the filing, which dates from its receipt by the clerk and lodgement in his office, although the clerk's indorsement is the highest legal evidence of the filing and, that indorsement being merely ministerial, is amendable at common law.' " 148 S.W. 97[1].

It is interesting to note the *Baker* case involved an entry nunc pro tunc to show the filing of certain papers in the probate court. In that case much the same objection to making the entry was raised as is raised in the present case.

In *Dorrance* the court also relied on *Grubbs v. Cones*, 57 Mo. 83 (1874). In *Grubbs* the court was considering a request for an entry nunc pro tunc to show a mechanic's lien had actually been filed on a

certain day when the record did not so show. In that case the court stated at Page 84:

"The filing is the actual delivery of the paper to the clerk without regard to any action that he may take thereon. If the clerk commits a clerical error, or makes a mistake in reference to the time at which he received the paper, that will not make any difference. He may indorse upon it the wrong date, or an impossible date, and still the real date of the filing will be the same."

 From the foregoing it is abundantly clear Missouri has consistently drawn a distinction between an order nunc pro tunc as to judicial acts performed by the judge and such an order to change the record concerning the performance of ministerial acts by other officers of the court. This case involves only the changing of the record concerning the ministerial act of the clerk of the probate court. For this purpose parol evidence may be used and if such evidence satisfies the court that a paper was actually filed when the record does not show it to have been, then the court may make an entry nunc pro tunc to require the record to reflect the true fact of the filing.

This is true under *Dorrance* although the paper in this case could not be found in the probate records. The purpose of the *Dorrance* rule is to remove the requirements inherent in changing records of judicial acts and to allow the record of ministerial acts to be amended in the absence of any record or paper filed in the case and upon parol evidence. Of course, the evidence adduced must satisfy the court to justify an order amending the record.

The Estate raises the further contention that Martin's evidence was insufficient to show the exact date his deputy did file the application. The deputy testified he filed it "sometime around the 15th of October" and the Estate claims this is too vague to meet the burden of proof cast upon Martin to show when the application was actually filed. The evidence was uncontradicted in this case and the Estate concedes Martin did file the application. In

that circumstance, and in the absence of any evidence to the contrary, it cannot be said the testimony that the application was filed around the 15th of October is too vague. The deadline for filing the application was actually over a month after October 15th. Such testimony was sufficient to indicate that the date was stated with approximate certainty and without substantial variance from that date. *State v. Armstead*, 283 S.W.2d 577, 582[11–12] (Mo.1955). For that reason the testimony was definite enough to place the date of filing well within the time allowed.

The judgment is affirmed.

All concur.