

# The Attorney General of Texas

December 12, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Maurice S. Pipkin
Executive Director
State Commission on Judicial Conduct
Supreme Court Building
Austin, Texas 78711

Honorable James Warren Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas 78061

Opinion No. MW-98

Re: Whether a justice of the peace may hold court in his own precinct and dispose of cases from another precinct.

Gentlemen:

Each of you asks questions concerning the jurisdiction and venue of justice of the peace courts. The Commission on Judicial Conduct has asked whether a justice may, by exchanging benches, accept and dispose of misdemeanor complaints where the offense occurred in a nonadjacent justice precinct of the county. Section 4.12 of the Code of Criminal Procedure provides the proper venue for the trial of misdemeanor complaints in justice court:

> A misdemeanor case to be tried in justice court shall be tried in the precinct in which the offense was committed, or in which the defendant or any of the defendants reside, or, with the written consent of the State and each defendant or his attorney, in any other precinct within the county; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified justice precinct court, then trial shall be had in the next adjacent precinct in the same county which may have a duly qualified justice precinct court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason of all justices of the peace in the precinct where the offense was committed, such case maybe [sic] tried in the next adjoining precinct in the same county, having a duly qualified justice of the peace.

See also arts. 2377, 2393, 2399, V.T.C.S.; Code Crim. Proc. § 30.07. Proper venue therefore is in the "next adjacent precinct" or in the precinct of the defendant's residence. Article 2393a, V.T.C.S., provides:

> A justice may hold court for any other justice whose precinct is in the same county; and the justices of a county may exchange benches whenever they deem it expedient.

District judges are allowed to exchange benches under similar language. Tex. Const. art. V, § 11; art. 1916, V.T.C.S. This power to exchange benches is a discretionary judicial procedure subject to review only upon abuse of discretion. Floyd v. State, 488 S.W.2d 830 (Tex. Crim. App. 1972). A formal order stating the reasons or docket entry is not necessary for judges to exchange benches. Id.; Pendleton v. State, 434 S.W.2d 694 (Tex. Crim. App. 1968). The justice who is exchanging benches serves as the presiding judge for that court and must hold court in the same manner and place as would have the replaced judge. Ex parte Lowery, 518 S.W.2d 897 (Tex. Civ. App. — Beaumont 1975, no writ). Whether the exchange of benches between justices of the peace on a regular and frequent basis amounts to an abuse of discretion or neglect of duties is a factual question which cannot be resolved in the opinion process.

The Frio County Attorney has asked whether a justice of the peace may hold his court in the better facilities of an adjacent precinct of the county with the consent of all parties involved. We are aware of no authority which would permit a justice of the peace to hold his court outside his precinct, but the same substantive result can be achieved by trying the case in another precinct with the consent of the parties which would waive any venue objections. V.T.C.S. art. 2390. The justice of the peace who has the inadequate facilities may then hear these cases under the exchange of bench procedure. Such a resolution avoids the issue of the authority of a justice of the peace holding his court outside his precinct.

## SUMMARY

> Justices of the peace may exchange benches and thereby sit in another court outside of their precinct whenever expedient. However, use of such procedure may be subject to a charge of abuse of discretion or neglect of duty.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
and C. Robert Heath
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Tom Bullington
Chuck Campbell
Bob Gammage
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood