Honorable Maurice S. Pikin Executive Director State Commission on Judicial Conduct Supreme Court Building Austin, Texas 78711
Honorable James Warren Smith, Jr. Frio County Attorney P. O. Box V Pearsall, Texas 78061
Re: Whether a justice of the peace may hold court in his own precinct and dispose of cases from another precinct.
Gentlemen:
Each of you asks questions concerning the jurisdiction and venue of justice of the peace courts. The Commission on Judicial Conduct has asked whether a justice may, be exchanging benches, accept and dispose of misdemeanor complaints where the offense occurred in a nonadjacent justice precinct of the county. Section4.12 of the Code of Criminal Procedure provides the proper venue for the trial of misdemeanor complaints in justice court:
 A misdemeanor case to be tried in justice court shall be tried in the precinct in which the offense was committed, or in which the defendant or any of the defendants reside, or, with the written consent of the State and each defendant or his attorney, in any other precinct within the county; provided that in any misdemeanor case in which the offense was committed in a precinct where there is no qualified justice precinct court, then trial shall be had in the have a duly qualified justice the same county which may have a duly qualified justice precinct court, or in the precinct in which the defendant may reside; provided that in any such misdemeanor case, upon disqualification for any reason of all justices of the peace in the precinct where the offense was committed, such case maybe [sic] tried in the next adjoining precinct in the same county, having a duly qualified justice of the peace.
See also arts. 2377, 2393, 2399, V.T.C.S.; Code Crim. Proc. § 30.07. Proper venue therefore is in the `next adjacent precinct' or in the precinct of the defendant's residence. Article 2393a, V.T.C.S., provides:
 A justice may hold court for any other justice whose precinct is in the same county; and the justices of a county may exchange benches whenever they deem it expedient.
District judges are allowed to exchange benches under similar language. Tex. Const. art. V, § 11; art. 1916, V.T.C.S. This power to exchange benches is a discretionary judicial procedure subject to review only upon abuse of discretion. Floyd v. State,488 S.W.2d 830 (Tex.Crim.App. 1972). A formal order stating the reasons or docket entry is not necessary for judges to exchange benches. Id.; Pendleton v. State, 434 S.W.2d 694 (Tex.Crim.App. 1968). The justice who is exchanging benches serves as the presiding judge for that court and must hold court in the same manner and place as would have the replaced judge. Ex parte Lowery, 518 S.W.2d 897 (Tex.Civ.App.-Beaumont 1975, no writ). Whether the exchange of benches between justices of the peace on a regular and frequent basis amounts to an abuse of discretion or neglect of duties is a factual question which cannot be resolved in the opinion process.
The Frio County Attorney has asked whether a justice of the peace may hold his court in the better facilities of an adjacent of the county with the consent of all parties involved. We are aware of no authority which would permit a justice of the peace to hold his court outside his precinct, but the same substantive result can be achieved by trying the case in another precinct with the consent of the parties which would waive any venue objections. V.T.C.S. art. 2390. The justice of the peace who has the inadequate facilities may then hear these cases under the exchange of bench procedure. Such a resolution avoids the issue of the authority of a justice of the peace holding his court outside his precinct.
 SUMMARY
Justices of the peace may exchange benches and thereby sit in another court outside of their precinct whenever expedient. However, use of such procedure may be subject to a charge of abuse of discretion or neglect of duty.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by David B. Brooks and C. Robert Heath Assistant Attorneys General