**Opinion issued May 27, 2021**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-20-00477-CR
## NO. 01-20-00478-CR
## NO. 01-20-00479-CR

—————————————

## IN RE THE STATE OF TEXAS EX REL. BRIAN W. WICE, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### O P I N I O N

Relator, Brian W. Wice, on behalf of The State of Texas (the "State"), filed a petition for writ of mandamus, requesting that this Court vacate a June 25, 2020 order signed by the Honorable Robert Johnson of the 177th District Court of Harris County, Texas that vacated a previous change of venue order and returned the

underlying cases to Collin County, Texas.[1]  Relator also requests that this Court compel the trial court to rule on certain motions.

While the mandamus petition was pending in this Court, Judge Johnson recused himself from the underlying cases and they were reassigned to Respondent, the Honorable Jason Luong of the 185th District Court of Harris County.  We abated the proceedings to allow Respondent to reconsider the challenged June 25, 2020 order and, if necessary, to rule on other pending motions.[2]  Respondent then entered an October 23, 2020 order finding that the trial court lacked jurisdiction to reconsider Judge Johnson's order and alternatively, even if the trial court had jurisdiction, Judge Johnson was correct in vacating the change of venue order and returning the underlying cases to Collin County.  We reinstated the original proceedings on the Court's active docket, and the State supplemented its mandamus petition to challenge Respondent's October 23, 2020 order.

In three issues, the State contends that Respondent erred in vacating the previous change of venue order, returning the underlying cases to Collin County, and not ruling on certain motions.

We deny the petition.

---

[1]     The underlying cases are *The State of Texas v. Warren Kenneth Paxton, Jr.*, Cause Nos. 1555100, 1555101, and 1555102, in the 185th District Court of Harris County, Texas, the Honorable Jason Luong presiding.

[2]     *See In re Blevins*, 480 S.W.3d 542, 543–44 (Tex. 2013).

## Background

Wice serves as Collin County District Attorney *Pro Tem* prosecuting three underlying felony criminal cases brought against Real Party in Interest, Warren Kenneth Paxton, Jr. ("Paxton"), in Collin County on July 28, 2015. The cases were originally assigned to the Honorable Chris Oldner of the 416th District Court of Collin County.[3] Judge Oldner promptly recused himself and the next day, the cases were assigned by the Presiding Judge of the First Administrative Judicial Region (the "First Region") to the Honorable George Gallagher of the 396th District Court of Tarrant County, Texas.

Judge Gallagher, whose elected bench is in the Eighth Administrative Judicial Region (the "Eighth Region"),[4] was assigned to the First Region by the Eighth Region's Presiding Judge at the request of the First Region's Presiding Judge. The order of the Eighth Region's Presiding Judge assigned Judge Gallagher to the First Region "for a period of 157 days, beginning July 28th, 2015." It also provided that "[i]f the judge beg[an] a trial on the merits during the period of th[e] assignment, the assignment continue[d] in such case until plenary jurisdiction ha[d] expired" or the

---

[3]  *See* TEX. GOV'T CODE ANN. § 24.560 ("The 416th Judicial District is composed of Collin County."); *id.* § 74.042(b) (including Collin County in First Administrative Judicial Region).

[4]  *See id.* § 24.541(a) ("The 396th Judicial District is composed of Tarrant County."); *id.* § 74.042(i) (including Tarrant County in Eighth Administrative Judicial Region).

Eighth Region's Presiding Judge "ha[d] terminated th[e] assignment in writing, whichever occur[red] first."

A second assignment order from the Eighth Region's Presiding Judge, signed on December 21, 2015, extended Judge Gallagher's assignment to the First Region for a "period of 366 days, beginning January 1, 2016." The order also provided that "[i]f the judge beg[an] a trial on the merits during the period of th[e] assignment the assignment continue[d] in such case until plenary jurisdiction ha[d] expired" or the Eighth Region's Presiding Judge "ha[d] terminated th[e] assignment in writing, whichever occur[red] first." And the First Region's Presiding Judge signed an order extending Judge Gallagher's assignment to the underlying cases "from October 23, 2015 until such time as necessary to complete any actions required by Judge Gallagher as the presiding judge in the above matter, unless the assignment [was] earlier terminated by the Presiding Judge of the [First Region]."

Judge Gallagher did not begin a trial on the merits within the 366 days of the assignment by the Eighth Region's Presiding Judge, so that assignment, by its terms, expired on January 2, 2017.[5] The same day, the Honorable Andrea Thompson

---

[5] 2016 was a leap year. The email correspondence between the Presiding Judges' staff in the mandamus record cites December 31, 2016 as the end date for the appointment. Calculating the end date according to the Texas Rules of Civil Procedure and Texas Rules of Appellate Procedure, it is January 2, 2017. *See* TEX. R. CIV. P. 4; TEX. R. APP. P. 4.1.

succeeded Judge Oldner and began presiding over the 416th District Court of Collin County.

Judge Gallagher nevertheless continued to preside over the underlying cases. On February 9, 2017, the State moved to change venue from Collin County to Harris County. On March 30, 2017, Judge Gallagher granted the State's motion to change venue, and on April 11, 2017, he issued a supplemental order changing venue to Harris County.

On May 10, 2017, Paxton objected to Judge Gallagher's venue rulings, asserting that they were void because his assignment by the Eighth Region's Presiding Judge had expired before they were made. In response, Relator asserted that Paxton's objection was a motion for relief and, because of the venue ruling, asked that it be heard in Harris County. Judge Gallagher did not rule on the objection, and, on May 12, 2017, he ordered that the objection be heard in Harris County.

Before a hearing could go forward in Harris County, a series of mandamus petitions were filed in the Dallas Court of Appeals and the Court of Criminal Appeals. Among those petitions was a May 15, 2017 petition for writ of mandamus filed by Paxton in the Dallas Court of Appeals, which complained that Judge Gallagher continued to act in the underlying cases after they had been transferred to Harris County. *See In re Paxton*, Nos. 05-17-00507-CV, 05-17-00508-CV,

5

05-17-00509-CV, --- S.W.3d ---, 2017 WL 2334242 (Tex. App.—Dallas May 30, 2017, orig. proceeding).

On June 9, 2017, the Collin County District Clerk transferred the case files to Harris County. On June 13, 2017, the underlying cases were randomly assigned to the 177th District Court of Harris County, Judge Johnson presiding. On July 18, 2019, Paxton filed a motion with that court asking it to vacate Judge Gallagher's change of venue order as void and return the cases to Collin County. Judge Johnson signed an order granting Paxton's motion on June 25, 2020.

On June 30, 2020, Relator filed its mandamus petition in this Court, related to each of the underlying cases, requesting that we vacate Judge Johnson's June 25, 2020 order and compel Judge Johnson to rule on certain pending motions.[6] Relator moved to stay enforcement of the June 25, 2020 order pending resolution of the mandamus proceedings. We granted Relator's motion to stay on July 7, 2020.

Relator then informed this Court that Judge Johnson had voluntarily recused himself from the underlying cases on July 6, 2020 and the cases had been reassigned on July 15, 2020 to the 185th District Court of Harris County, Judge Luong presiding. On July 28, 2020, we abated the original proceedings to allow

---

[6] In the mandamus petition, Relator asserts that Judge Johnson "failed to discharge his ministerial duty to rule on Relator's motion to issue a new payment order for payment of attorney's fees and on Nicole DeBorde's unopposed motion to withdraw as an attorney pro tem within a reasonable time."

6

Respondent to reconsider the challenged June 25, 2020 order and, if appropriate, to consider the pending motions about which Relator complains.[7]  On October 23, 2020, in an "Order of Reconsideration of Prior Order Vacating Order of Transfer to Harris County," Respondent found:

> [The trial court's] plenary jurisdiction to review the June 25, 2020 [order] ha[d] expired.
>
> The June 25, 2020 order effectively transferred the case back to Collin County, Texas, and jurisdiction immediately and automatically vest[ed] in the transferee court—that is, the 416th District Court of Collin County, Texas. The [First Court of Appeals's] order of abatement and request for reconsideration was issued on July 28, 2020.
>
> Accordingly, th[e] [trial] [c]ourt [was] without jurisdiction to review the challenged order or any pending motions in the[] cases.

Alternatively, Respondent held:

> [I]f it is determined by the First Court of Appeals, or by any other or higher appellate court that the 185th Judicial District Court d[id] have jurisdiction to review and reconsider the June 25, 2020 [o]rder, it [was] the [trial] [c]ourt's finding that Judge Gallagher was without jurisdiction to enter the March 30, 2017 [change of venue] order, that the March 30, 2017 order and related venue orders should be set aside, and that the Harris County District Clerk's file should be transferred to the Collin County District Clerk.

Relator apprised this Court of Respondent's October 23, 2020 order, moved to stay its enforcement, and supplemented its mandamus petition.  Paxton reasserted his response to the original mandamus petition.

---

[7]  *See In re Blevins*, 480 S.W.3d at 543–44.

7

On October 29, 2020, we lifted the abatement and reinstated the original proceedings on the Court's active docket. We also granted Relator's motion to stay enforcement of Respondent's October 23, 2020 order and clarified that our previous stay of Judge Johnson's June 25, 2020 order remained in effect.

**Standard of Review**

Mandamus relief is available in a criminal case when (1) the relator has shown that no other adequate remedy at law is available and (2) the act the relator seeks to compel is ministerial, not discretionary. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex. Crim. App. 1991); *Dickens v. Ct. of App. for Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 548–49, 552 (Tex. Crim. App. 1987) (applying standard to pretrial matter). An act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *Tex. Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981). "[T]he relator must have a clear right to the relief sought, meaning that the merits of the relief sought are beyond dispute." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (internal quotations omitted). "[A]lthough an issue may be one of first impression, it does not necessarily follow that the law is not well-settled"; an appellate court may grant mandamus relief "based on a well-settled, but rarely litigated point of law." *Id.*

A writ addressing pretrial matters in criminal cases may issue to correct a "clear abuse of discretion" by the trial court. *See Dickens*, 727 S.W.2d at 549–50. The trial court abuses its discretion if its ruling is "arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence." *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016). A trial court also abuses its discretion if it "fails to analyze or apply the law correctly." *Id.*

Mandamus is available when a trial court enters an order without authority. *In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). A trial court has a ministerial duty to vacate a void order. *In re Paxton*, 2017 WL 2334242, at *5. A trial court's order is void if the record shows the trial court had no jurisdiction over the parties, no subject-matter jurisdiction, no jurisdiction to enter the order, or no capacity to act as a court. *See id.* at *3.

## Validity of Change of Venue Order

In its first issue, the State argues that Respondent erred in ordering that Judge Gallagher's change of venue order be set aside and that the underlying cases be returned to Collin County based on the expiration of the appointment order because (1) Paxton is foreclosed from challenging the validity of the change of venue order because the Dallas Court of Appeals already decided that issue in a prior mandamus proceeding; (2) Paxton failed to timely preserve his objection to the change of venue

order's validity; (3) the appointment orders gave Judge Gallagher the authority to order the change of venue; and (4) Judge Gallagher could continue to preside over the underlying cases pursuant to an exchange of benches under Texas Constitution Article V, section 11.[8]

## A.    Law of the Case

The State argues that Respondent erred in vacating Judge Gallagher's change of venue order because the law of the case doctrine forecloses Respondent's conclusion that the trial court lacked jurisdiction to review Judge Gallagher's change of venue order or any pending motions in the underlying cases. According to the State's reading of the Dallas Court of Appeals' decision in *In re Paxton*, the Dallas Court of Appeals already determined that Judge Gallagher's authority to act terminated only after he granted the State's motion to transfer venue from Collin County to Harris County.

"The law of the case doctrine provides that an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning

---

[8]     Respondent's alternative conclusion that the trial court lacked jurisdiction to reconsider Judge Johnson's June 25, 2020 order because its plenary power had expired ignores our July 7, 2020 order staying enforcement of the June 25, 2020 order. Our emergency-stay order, which was issued before the expiration of the trial court's thirty-day period of plenary power, preserved the status quo and remains "effective until the case is finally decided." TEX. R. APP. P. 52.10(b). As a result, we decide the issue of whether Respondent erred in vacating Judge Gallagher's change of venue order and returning the underlying cases to Collin County.

10

the same issue." *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014) (internal quotations omitted). "In other words, when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution." *Id.* The doctrine is designed to promote judicial consistency and efficiency by eliminating the need for appellate courts to prepare opinions discussing previously resolved matters. *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999); *see also Swearingen*, 424 S.W.3d at 36.

We do not agree with the State's understanding of the scope of the Dallas Court of Appeals's decision in *In re Paxton*. In that mandamus proceeding, Paxton challenged Judge Gallagher's authority to continue to preside over the underlying cases without Paxton's consent "because a judge that orders a change in venue in a criminal case may continue to preside over the case after the transfer and continue to use the transferor court's administrative resources only if the State, the defendant, and the defendant's counsel consent." *In re Paxton*, 2017 WL 2334242, at *2. The Dallas Court of Appeals thus addressed whether Judge Gallagher had the authority to enter orders *after* issuing the change of venue order; it did not consider whether Judge Gallagher had the authority to order the change of venue to Harris County. *See id.* at *2, *3. Because the Dallas Court of Appeals did not resolve whether Judge Gallagher had the authority to order a change of venue after the expiration of his

11

assignment to the underlying cases, the law of the case doctrine does not prevent us from resolving that issue here.

## B. Failure to Preserve Objection

The State also argues that Respondent erred in vacating Judge Gallagher's change of venue order because Paxton forfeited any argument that Judge Gallagher lacked authority to keep acting after the expiration of his appointment by failing to raise a timely objection on that ground as soon as the basis for it became apparent "or was subject to discovery with . . . reasonable diligence during the first week of January 2017." *See Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993) (discussing rights subject to forfeiture by "failure to insist upon [them] by objection, request, motion, or some other behavior calculated to exercise the right[s] in a manner comprehensible" to trial court).

Paxton first raised the issue of the terms of Judge Gallagher's appointment with the First Region's Presiding Judge in May 2017, a month after filing his mandamus petition in the Dallas Court of Appeals, In July 2019, Paxton moved the trial court to set aside Judge Gallagher's change of venue order on that ground. The State cites *State v. Wachtendorf*, for the proposition that by exercising diligence, Paxton could have discovered the terms of Judge Gallagher's appointment earlier. 475 S.W.3d 895 (Tex. Crim. App. 2015). But *Wachtendorf* concerned whether the State had constructive notice that the trial court had signed an order. *See id.* at 903.

12

The Court of Criminal Appeals rejected the State's attempt to appeal an order suppressing evidence as untimely because the State "could have exercised diligence to monitor the district clerk's record." *Id.*

The facts here are different from those in *Wachtendorf*. The mandamus record shows that information about the terms of Judge Gallagher's assignment was not in the trial court's record. And the absence of the assignment orders from the record, standing alone, would not have reasonably alerted Paxton that he needed to find them. Like notice of exchange of benches,[9] "[n]otice of assignment is clearly optional and not mandatory." *Turk v. First Nat'l Bank of W. Univ. Place*, 802 S.W.2d 264, 265 (Tex. App.—Houston [1st Dist.] 1990, writ denied). The State does not point out any specific event that should have triggered an inquiry into the terms of Judge Gallagher's assignment between January and May 2017. And, from May 2017 until July 2019, when he moved to set aside the change of venue order, Paxton did not seek any affirmative relief from the Harris County district court.

---

[9]  *See* TEX. CONST. art. V, § 11 ("[T]he District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law."); TEX. GOV'T CODE ANN. § 74.121(a) ("The judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case.").

The Court of Criminal Appeals has concluded that a defendant's right to challenge the authority of a trial judge, who is otherwise qualified,[10] to preside pursuant to an expired assignment, is in the category of rights subject to forfeiture under *Marin*. *See Wilson v. State*, 977 S.W.2d 379, 380 (Tex. Crim. App. 1998); *see also Marin*, 851 S.W.2d at 279–80. But it held that a defendant may preserve that issue if the objection is raised pretrial. *See id.* Here, Paxton challenged Judge Gallagher's authority to preside pursuant to an expired assignment before trial, and nothing in the record shows a lack of reasonable diligence in bringing the challenge. We therefore hold that it was not an abuse of discretion for the trial court to conclude that Paxton did not forfeit his challenge to Judge Gallagher's authority to order the change of venue.

## C.     Authority Under the Assignment Orders

The State argues that Respondent erred in vacating Judge Gallagher's change of venue order because the appointment orders gave Judge Gallagher the authority to order the change of venue to Harris County.

In response to the First Region Presiding Judge's request for the assignment, the order of the Eighth Region's Presiding Judge extended Judge Gallagher's assignment to the 416th District Court of Collin County for a "period of 366 days,

---

[10]     Apart from the expiration of Judge Gallagher's assignment, Paxton has not asserted that Judge Gallagher was unqualified in any way.

14

beginning January 1, 2016." But the State asserts that Judge Gallagher still had the authority to continue to preside over the underlying cases when he signed the change of venue order on March 30, 2017 because the terms of the assignment order signed by the First Region's Presiding Judge, assigned Judge Gallagher to the underlying cases "until such time as necessary to complete any actions required by Judge Gallagher as the presiding judge in the above matter, unless the assignment is earlier terminated . . . ."

A judge sitting by order of assignment "has all the powers of the judge of the court to which he is assigned." TEX. GOV'T CODE ANN. § 74.059(a). Generally, visiting judges are assigned either to a particular case or for a period of time. *Hull v. S. Coast Catamarans, L.P.*, 365 S.W.3d 35, 41 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *In re Republic Parking Sys., Inc.*, 60 S.W.3d 877, 879 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Typical assignment orders provide that the visiting judge's authority terminates on a date specified in the assignment order or on the occurrence of a specific event, such as the signing of a judgment or ruling on a motion for new trial. *Hull*, 265 S.W.3d at 41. The terms of the assignment order control the scope of the visiting judge's authority and when that authority terminates. *Id.*; *In re Richardson*, 252 S.W.3d 822, 828 (Tex. App.—Texarkana 2008, no pet.); *Mangone v. State*, 156 S.W.3d 137, 139–40 (Tex. App.—Fort Worth 2005, pet. ref'd).

We understand the assignment order of the Presiding Judge for the Eighth Region as defining the outer limit of Judge Gallagher's assignment. Judge Gallagher was assigned to the underlying cases pursuant to the Texas Government Code section 74.056(b), which permits "[t]he presiding judge of one administrative region" to ask "the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request." TEX. GOV'T CODE ANN. § 74.056(b). Judge Gallagher's authority to act in the underlying cases derived from the orders of the Presiding Judges for the Eighth and First Regions, respectively, assigning Judge Gallagher to preside over them.

Section 74.056(b) provides that "[t]he presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of litigation pending in a county in the administrative region of the presiding judge who makes the request." *See id.* The request of the First Region's Presiding Judge led the Eighth Region's Presiding Judge to assign Judge Gallagher according to certain terms, and the Presiding Judge for the First Region's acceptance of Judge Gallagher's assignment was necessarily pursuant to those terms. Interpreting section 74.056(b) as allowing the receiving judicial administrative presiding judge to unilaterally dictate the terms of an assignment

16

would thwart regional oversight and conflict with the purpose of regional administrative management.[11]

We also reject the State's proposed interpretation of the two assignment orders because it places the orders in direct conflict with each other and renders the specific term of the assignment set forth in the Eighth Region Presiding Judge's order meaningless, contrary to well-settled rules of construction. Under those rules, specific provisions control over general provisions, provisions stated earlier in an agreement are favored over later provisions, and the interpretation should not render any material terms meaningless. *See State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995). Applying these rules to the two assignment orders, we conclude that they can be reasonably read to agree that Judge Gallagher's assignment to the 416th District Court of Collin County was to end on January 2, 2017. *See* TEX. R. CIV. P. 4; TEX. R. APP. P. 4.1.

## D. Authority Through the Exchange of Benches

The State also argues that Respondent erred in vacating Judge Gallagher's change of venue order because the change of venue order was valid. The State

---

[11] The chief justice of the Supreme Court of Texas also has the authority to assign judges of "one or more administrative regions for service in other judicial administrative regions" when the chief justice "considers the assignment necessary to the prompt and efficient administration of justice." TEX. GOV'T CODE ANN. § 74.057(a). An assignment by the chief justice under that provision requires the assigned judge to perform the same duties and functions that the judge would perform if assigned by the presiding judge. *Id.* § 74.057(b).

17

asserts that after his appointment to the underlying cases in the 416th District Court of Collin County expired, Judge Gallagher was authorized to sit without an appointment order.

According to the State, the Texas Constitution provides that "the District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." TEX. CONST. art. V, § 11.[12] "The expression 'whenever they deem it expedient' . . . confers on district judges broad discretionary powers to exchange benches, or hold court for each other, which is reviewable only if an abuse of discretion has occurred." *Floyd v. State*, 488 S.W.2d 830, 832 (Tex. Crim. App. 1972). And "[a]lthough better practice would require one, the exchange may be accomplished without the necessity of a formal order or entry on the record of the reasons for such exchange." *Id.*

"[W]here no objection is made to the right of a judge from another district to sit in a case, all objections to his authority to sit are considered waived and it is presumed the judge was in regular discharge of his duties pursuant to the statute

---

[12]    The Texas Government Code codifies this provision in two places. *See* TEX. GOV'T CODE ANN. § 24.003(b)(4) (district judge may "temporarily exchange benches with the judge of another district court in the county"); *id.* § 74.121 (declaring "[t]he judges of those courts within a county may exchange benches and courtrooms with each other so that if one is absent, disabled, or disqualified, the other may hold court for him without the necessity of transferring the case"). These provisions, which by their terms, are limited to intra-county exchange of benches, do not affect our disposition of the petition for writ of mandamus.

18

authorizing an exchange of benches." *Id.* Here, though, Paxton challenged Judge Gallagher's authority to continue to sit in the underlying cases and proved through administrative records that his appointment had expired before Judge Gallagher ruled on the State's motion to change venue. Because Paxton objected to Judge Gallagher's authority, any presumption that Judge Gallagher "was in regular discharge of his duties" does not apply. We also decline to entertain a presumption that Judge Gallagher's appointment was automatically converted to an exchange of benches on these facts because such precedent would create confusion about the scope of assignment orders and undermine the effectiveness of the Court Administration Act. *See, e.g.*, TEX. GOV'T CODE ANN. § 74.001(b)(4) (calling for annual meeting of presiding judges of administrative judicial regions to "promote more effective administration of justice through the use of this chapter"); *see also Roberts v. Ernst*, 668 S.W.2d 843, 846 (Tex. App.—Houston [1st Dist.] 1984, orig. proceeding) (refusing to agree that initial exchange of benches between judges was done pursuant to Texas Constitution Article V, section 11 where judge's authority had ceased under terms of assignment order).

The relator bears the burden of showing entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). There is nothing in the mandamus record showing that Judge Gallagher, whose appointment ended January 2, 2017 and Judge Thompson, who

19

was sworn in as the judge of the 416th District Court of Collin County on that same day, agreed to exchange benches pursuant to Texas Constitution Article V, section 11. We therefore conclude that the State has failed to meet its burden of showing that Judge Gallagher continued to have authority to sit in the underlying cases past the expiration of the assignment orders. *See Roberts*, 668 S.W.2d at 846. As a result, we hold that the State has not shown that it is entitled to mandamus relief.[13]

## Conclusion

We deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). We lift the stay imposed by our July 7, 2020 and October 29, 2020 orders. All pending motions are dismissed as moot.

Julie Countiss
Justice

Panel consists of Justices Goodman, Hightower, and Countiss.

Goodman, J., concurring and dissenting.

Publish. TEX. R. APP. P. 47.2(b).

---

[13] Because of our disposition of the State's first issue, we do not reach its second and third issues requesting that we compel the trial court to rule on certain motions. *See* TEX. R. APP. P. 47.1.

20