# Court of Appeals
## Tenth Appellate District of Texas

### 10-24-00063-CR

David Joseph Gonzales,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2020-2082-C1

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

David Joseph Gonzales was convicted of Evading Arrest or Detention with a Vehicle, enhanced and habitualized, and sentenced to 75 years in prison. *See* TEX. PENAL CODE § 38.04. Because his sole issue on appeal is not preserved, the trial court's judgment is affirmed.

Gonzales was indicted, and his case was filed in the 19th District Court. About midway through the progression of the case, Judge Luna, then the judge

of the County Court at Law No. 3, was assigned to the case.[1]  Judge West, the judge of the 19th District Court, continued to work the case.  The case went to trial with Judge West presiding in his own court.

In his sole issue on appeal, Gonzales complains that Judge West had no authority to preside in Gonzales's case because Judge Luna had been assigned to the case.  Thus, Gonzales concludes, his judgment of conviction is void and must be reversed.

Gonzales did not object to Judge West presiding over his trial, but he contends that he may raise his complaint for the first time on appeal.  We disagree with Gonzales.

We are not presented with the question of a judge who is disqualified as a matter of law which can be raised for the first time on appeal.  S*ee Miller v. State*, 866 S.W.2d 243, 246 n.6 (Tex. Crim. App. 1993); *Ex parte Vivier*, 699 S.W.2d 862, 863 (Tex. Crim. App. 1985).  Further, we are not presented with a question of lack of jurisdiction of the convicting court.  Rather, we are presented with a question of the authority of a judge to preside over a trial in his own court.

Lack of jurisdiction over a case renders the judgment void, and it may be collaterally attacked.  *See Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex. Crim. App.

---

[1] There is nothing in the record to indicate why Judge Luna was assigned to the case.

2001); *accord Miller v. State*, 866 S.W.2d 243, 246 fn. 6 (Tex. Crim. App. 1993). But the authority of a judge to preside in a court is a different question than the jurisdiction of the court itself. *See Miller*, 866 S.W.2d at 246 n.6. Errors involving statutory procedure, such as this one, are merely voidable and require an objection to preserve error. *Seidel*, 39 S.W.3d at 225; *Davis v. State*, 956 S.W.2d 555, 559 (Tex. Crim. App. 1997). *See also* TEX. R. APP. P. 33.1; *Floyd v. State*, 488 S.W.2d 830, 832 (Tex. Crim. App. 1972) (where no objection is made to the right of a judge to sit in a case, objections to his authority to sit are waived).

Because Gonzales asserts error involving statutory procedure, he was required to object to Judge West presiding over his trial. He did not. Thus, his sole issue is not preserved and is overruled.

We affirm the trial court's judgment.

 

LEE HARRIS
Justice

OPINION DELIVERED and FILED: April 3, 2025

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Do Not Publish
[CRPM]

